Floyd Wallace
1613 Leopard Ln.
College Station, TX 77840
(402) 347-0770
floydwallacecivilrights@gmail.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| FLOYD WALLACE     Plaintiff,  v.  LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.     Defendants. | Case No.: 2:23-cv-00809  **PLAINTIFF'S OPPOSITION TO DEFENDANT LVMPD'S MOTION TO DISMISS** |

**INTRODUCTION**

I, Plaintiff Floyd Wallace oppose Defendant Las Vegas Metropolitan Police Department ("LVMPD")'s Motion to Dismiss ("Motion") at ECF No. 8. This motion is made and based on the attached Memorandum of Points and Authorities, the pleadings, and papers on file herein, and any oral argument allowed by counsel at the time of the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A. Defendants' complaint is the only narrative to rely on.** Right away in the Motion, LVMPD begins trying to spin its own narrative by purposefully and ignorantly misconstruing the facts in my complaint. LVMPD refers to me saying that I admitted that "he covered his face with a black mask" (Motion, 2:5). LVMPD confuses the color of my skin with the mask. Nowhere in

1

the complaint do I allege any mask color. Plaintiff includes no evidence, including by way of declaration, documentary evidence, or requests for judicial notice. This Court should refer to my complaint ("Complaint") at ECF No. 6 for the facts of this case, and the facts paint clear claims. The Court must "accept as true the facts alleged in the complaint" and "must draw inferences in the light most favorable to the plaintiff." *Baker v. Riverside County Office of Education*, 584 F.3d 821, 824 (9th Cir. 2009). The complaint only needs to allege enough facts to raise a reasonable expectation that discovery will reveal evidence that supports my claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965 (2007). Here, my complaint does that sufficiently.

However, liberal interpretation of complaints is still offered to *pro se* parties, post-Twombly. If *pro se* plaintiffs leave out elements in a legal conclusion, courts must not dismiss those claims unless those conclusions cannot reasonably be drawn from the facts alleged. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam) (reaffirming standard reviewing pro se complaints post-Twombly).

Contrary to what LVMPD has alleged, there are no boiler plate arguments in the Complaint and their only justifications for dismissal would require that the facts alleged in my complaint be untrue. By dropping all charges, even the District Attorney has made it clear that the LVMPD lacked probable cause to arrest me.

**B. If the Court grants the Motion to Dismiss, it should allow leave to amend, as it would not be futile, undue delay, or dilatory.** The Federal Rules of Civil Procedure embody a liberal policy in favor of allowing amendments to pleadings. Specifically, Rule 15(a) provides that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). As the Supreme Court has instructed, "this mandate is to be heeded." *Foman v. Davis*, 371 U.S.

2

178, 182 (1962). Indeed, courts enjoy discretion under Rule 15(a), "but amendments under the rule are liberally granted, and some justification is required for a refusal." *Desrosiers v. Hartford Life & Acc. Ins. Co.*, 354 F.Supp.2d 119, 129 (D.R.I. 2005) (quoting *Ondis v. Barrows*, 538 F.2d 904, 909 (1st Cir. 1976)). "[O]utright refusal to grant the leave [to amend] without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman*, 371 U.S. at 182.

Pro se plaintiffs in a civil rights action must be afforded the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, "[a] pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Id*. (quoting *Noll v. Carlson*, 809 F.2d 1446, 1447 (9th Cir. 1987)). "Before dismissing a pro se civil rights complaint for failure to state a claim, the district court must give the plaintiff a statement of the complaint's deficiencies." *Id*. The Court should grant a pro se litigant leave to amend his complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

While I believe the Court should deny the motion to dismiss in its entirety, to the extent the Court grants the motion in any respect, Plaintiff should be given leave to amend.

**C. LVMPD did point a gun at Plaintiff.** LVMPD alleges that I don't allege that a gun was pointed at me in the Complaint, but I did allege that. I used the words "gun drawn" (Complaint at ¶24). Collins dictionary defines draw "If someone draws a gun, knife, or weapon, they pull it out of its container and threaten you with it." That is the definition that I meant. The weapon was pointed at me including my head. LVMPD has seen the video and are only attacking my pleading and not the facts on this. LVMPD knows that the gun was pointed at my head which

they agree is excessive force. My word use makes sense, but I can clear up any confusion in a FAC.

**D. Plaintiff denies being a First Amendment auditor.** Especially given the definition that LVMPD provides without citation. They cite *Brown v. Basznianyn*, 2023 WL 3098982 *2 (D. Az. Mar. 29. 2023) which doesn't define "first amendment auditors" nor says anything negative about them. The LVMPD is full of crooked cops, however, and if you want to see a pattern of behavior based on prior law suits, there have been fourteen (14) civil rights lawsuits filed against the LVMPD just this year. Craig Anderson or his firm is representing defendants in nine (9) of those, so it's ironic that they cite court cases as if to show a pattern.

## CONCLUSION

Accordingly, Plaintiff respectfully requests this Court:

1. Deny LVMPD's Motion to dismiss my Complaint.

2. If this Court does grant LVMPD's Motion in whole or in part, to notify me where my complaint is deficient and allow me to amend.

DATED: July 26, 2023                    Respectfully submitted,

/s/ Floyd Wallace
Floyd Wallace
1613 Leopard Ln.
College Station, TX 77840
floydwallacecivilrights@gmail.com
(402) 347-0770
*Pro Se*