Floyd Wallace
1613 Leopard Ln.
College Station, TX 77840
(402) 347-0770
floydwallacecivilrights@gmail.com

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| FLOYD WALLACE ) | Case No.: 2:23-cv-00809 |
| ) | ORDER GRANTING |
| Plaintiff, ) | **PLAINTIFF'S MOTION TO EXTEND** |
| ) | **TIME TO RESPOND TO MOTION** |
| v. ) | |
| ) | |
| LAS VEGAS METROPOLITAN POLICE ) | |
| DEPARTMENT, et al. ) | |
| ) | |
| Defendants. ) | |

## INTRODUCTION

I, Plaintiff Floyd Wallace, pursuant to Fed. R. Civ. P. Rule 6, moves this Honorable Court for an extension of time to respond to Defendant Las Vegas Metropolitan Police Department ("LVMPD")'s Motion to Strike Plaintiff's Complaint ("Motion") at ECF No. 10. This motion is made and based on the attached Memorandum of Points and Authorities, the pleadings, and papers on file herein, and any oral argument allowed by counsel at the time of the hearing.

I have notified defendants of my intent to file for sanctions under Fed. R. Civ. P. Rule 11

because their Motion lacks any factual or legal basis and is only meant to delay and harass. Defendants were notified on July 18, 2023 and have until August 8, 2023 to withdraw their motion under the safe harbor provisions of Rule 11.

Plaintiff requests until August 15, 2023 to respond to Defendants frivolous Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

**A. LVMPD has no factual basis for their claims.** In LVMPD's Motion, no factual assertions are supported by a declaration or affidavit and the attached document has no verification. Pursuant to Fed. R. Civ. P. Rule 75(d), the motion is not supported and cannot be corrected by a reply, because a supporting declaration must be served with the motion.

Even if LVMPD's attorney had included a declaration of his statements, it appears that he lacks personal knowledge of at least one of the facts. Further, LVMPD's statements include hearsay from non-parties, and statements that in general are irrelevant to this case.

LVMPD's reasonable inquiry into the evidence as required by Fed. R. Civ. P. Rule 11 would have simply revealed that one complaint was reference material for the other. LVMPD fails to include evidence of the illegal practice of law in the filing of my complaint. LVMPD fails to say that there would be evidence of the illegal practice of law in the filing of my complaint should they have the opportunity for further investigation. Instead of requesting relief for plagiarism, LVMPD requested unrelated relief without any supporting evidence related to the illegal practice of law during the filing of my complaint.

Further, LVMPD offers no evidence that Jose DeCastro ("DeCastro") is not a licensed attorney in whatever state statutes they are claiming were violated (no state statutes were cited).

**B. This Court may issue sanctions on LVMPD, their attorney, and anyone that files or submits the paper.** LVMPD's frivolous motion completely lacks any factual or legal basis

and is clearly only meant to delay the need for a responsive filing while LVMPD's frivolous motion is pending, as indicated in LVMPD's reference to *Carter v. Penzone,* and to harass DeCastro or his associates. The cost imposed by LVMPD's Motion on me and on the judicial system could have been avoided by a reasonable pre-filing inquiry. A reasonable attorney would not have found this Motion's request for relief to be well-founded based on the evidence, or lack thereof, in this Motion. A lawyer must distinguish a fact from an inference he seeks to press on the court. It is unprofessional conduct to represent inferences as facts. E.g., *In re Curl*, 803 F.2d 1004, 1006 (9th Cir. 1986); *United States v. Lachman*, 803 F.2d 1080, 1082 (9th Cir.), cert. denied, 479 U.S. 990, 107 S. Ct. 586, 93 L. Ed. 2d 588 (1986). Fed. R. Civ. P. Rule 11(c)(3) authorizes this Court to order sanctions on its own to deter future frivolous motions.

**C. Rule 6 authorizes this Court to extend time.** Fed. R. Civ. P. Rule 6(b)(1)(B) grants this Court the authority, for good cause, to extend the time before the original time or its extension expires. Courts in this circuit have allowed extensions of time while safe harbor periods run down. *Cortese v. H&R Block Tax & Bus. Servs.*, No. CV 14-7550 PSG (MRWx), 2015 U.S. Dist. LEXIS 200684, at *10-11 (C.D. Cal. Aug. 4, 2015); *Slovak v. Golf Course Villas Homeowners Aossication*, No. 3:13-cv-00569-RCJ-CBC, 2019 U.S. Dist. LEXIS 238421, at *6-7 (D. Nev. Jan. 15, 2019). Here, Plaintiff has shown good cause related to a safe harbor period for a valid Rule 11 sanctions motion.

**CONCLUSION**

Accordingly, Plaintiff respectfully requests this Court:

1. Extend the time to file a response to Defendants Motion until August 15, 2023, to allow for Defendants to withdraw their frivolous Motion.

DATED: July 24, 2023

Respectfully submitted,

*Floyd Wallace*

Floyd Wallace
1613 Leopard Ln.
College Station, TX 77840
floydwallacecivilrights@gmail.com
(402) 347-0770
*Pro Se*

ORDER

I grant the plaintiff's motion to extend the deadline. The plaintiff will file his response to the pending motion to strike by August 15, 2023.

IT IS SO ORDERED:

Dated:___July 26, 2023_____

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

4