**Marquis Aurbach**
Craig R. Anderson, Esq.
Nevada Bar No. 6882
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
canderson@maclaw.com
   Attorneys for Defendant LVMPD

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FLOYD WALLACE,<br><br>                        Plaintiff,<br><br>    vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; STATE OF NEVADA; CHRISTIAN TORRES; JASON SHOEMAKER; CORY MCCORMICK and DOES 1 to 50, inclusive,<br><br>                        Defendants. | Case Number:<br>2:23-cv-00809-APG-NJK<br><br>**DEFENDANT LVMPD'S REPLY IN SUPPORT OF MOTION TO DISMISS [ECF NO. 8]** |

Defendant Las Vegas Metropolitan Police Department ("LVMPD"), by and through its attorney of record, Craig R. Anderson, Esq., of Marquis Aurbach, hereby files its Reply in Support of Defendant LVMPD's Motion to Dismiss (ECF No. 8). This Reply is made and based upon the Memorandum of Points and Authorities, the pleadings and papers on file herein, and any oral argument allowed by counsel at the time of hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

On July 17, 2023, LVMPD filed its motion to dismiss all claims against it pursuant to FRCP 12(b)(6) ("LVMPD's Motion"). (ECF No. 8) Wallace opposed LVMPD's Motion on July 26, 2023 ("Opposition"). (ECF No. 15) LVMPD now replies.

Wallace's Opposition does not seriously challenge LVMPD's Motion. Rather than supply this Court with facts and law countering LVMPD's arguments, the Opposition just complains LVMPD (1) ascribed a color to the mask he was wearing on the day of his arrest, (2) referred to

MAC:14687-464 5169311_3

him as a "First Amendment auditor," and (3) ignored the unpled fact an officer pointed a gun at him. Wallace, via silence, abandons most of his claims. His Opposition never addresses LVMPD's request to dismiss his equal protection-based claims, First Amendment-based claims, § 1981 discrimination claim, state law invasion of privacy claim, and state law negligence claim. The Opposition only contests dismissal of Wallace's false arrest-based claims and his excessive force-based claims. As set forth below, the false arrest and excessive force claims fail as a matter of law and Wallace has failed to identify any new facts that could save the claims from dismissal.

## II. STATEMENT OF FACTS

The following facts are undisputed:

- On May 10, 2023, Wallace was in the parking lot of the LVMPD's Spring Valley Command Substation, where he was filming vehicles enter an area marked "Police personnel only." (ECF No. 1 at ¶ 17)

- Wallace was dressed suspiciously and wearing a mask. (*Id*. at ¶ 33)

- While Wallace was filming, a man in street clothes asked what he was doing, and he refused to answer. (*Id*. at ¶ 17)

- Wallace returned to the public sidewalk when he was approached by officers with guns drawn. (*Id*. at ¶¶ 22 and 24)

- The officers believed Wallace was engaging in suspicious behavior because he was wearing a mask while filming vehicles entering into a restricted area of the substation. (*Id*. at ¶¶ 17, 33, and 38)

- Once detained, Wallace refused to identify himself. (*Id*. at ¶¶ 32)

- Wallace was eventually arrested for attempted trespass and transported to jail, where he was released with a citation. (*Id*. at ¶¶ 46 and 48)

## III. FACTUAL/PROCEDURAL ISSUES.

Wallace's Opposition complains LVMPD's Motion misrepresents facts by stating his mask was black, he is a First Amendment auditor, and omitting an officer pointed a firearm at him. The Opposition also asks this Court to view Wallace's pleadings liberally because he is representing himself.

MAC:14687-464 5169311_3

### A. FACTUAL ISSUES.

#### 1. The mask issue.

Wallace's Complaint admits he was wearing a mask at the time of his detention. (ECF No. 1 ¶¶33, 38) LVMPD's Motion states Wallace was wearing a "black mask." (ECF No. 8 at 2:5, 3:5, and 10:16) In opposition, Wallace complains LVMPD's Motion "begins trying to spin its own narrative" by identifying the mask as "black" in color. (ECF No. 15 at 1:19-22) Wallace never claims his mask was not black in color. Regardless, the color of Wallace's mask is immaterial to resolving LVMPD's Motion as the only material fact is that Wallace was wearing a mask while attempting to film an area off limits to the public.

#### 2. The "First Amendment auditor" issue.

Wallace's Complaint states "one of the officers *did understand* that Plaintiff *was a first amendment auditor* . . ." (ECF No. 1 at ¶43 (emphasis added)) As a result of this admission, LVMPD's Motion refers to Wallace as a "First Amendment auditor." (ECF No. 8 at 3:23) In his Opposition, Wallace now "denies being a First Amendment auditor" and nonsensically supports this denial with the statement "LVMPD is full of crooked cops . . ." (ECF No. 15 at 4:9) Opposite of the factual issue involving the color of his mask, Wallace is now upset LVMPD quoted his Complaint verbatim. Whether or not Wallace is a First Amendment auditor is not material to resolving LVMPD's Motion.

#### 3. The firearm issue.

Wallace's Complaint alleges after he returned to the public sidewalk, he heard someone yell "Police, stop!" When he turned around, he "witnessed a police officer walking toward [him] with a gun drawn." (ECF No. 1 at ¶24) LVMPD's Motion quotes Wallace's Complaint and admits an officer "approached [Wallace] 'with a gun drawn.'" (ECF No. 8 at 12:23) In his Opposition, Wallace asserts LVMPD should have known "I meant . . . [t]he weapon was pointed at me including my head." (ECF No. 15 at 3:21-22) In short, Wallace, contrary to his "black" mask issue, is upset LVMPD did not include unpled facts in their Motion. Regardless, the only material fact is an officer approached Wallace "with a gun drawn."

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-464 5169311_3

## B. THE PROCEDURAL IMPACT OF WALLACE'S PRO PER STATUS.

Wallace asserts because he is a pro se party, the Court should provide a "liberal interpretation" of his Complaint. (ECF No. 15 at 2:10-11) LVMPD agrees the law requires courts to provide some latitude to parties representing themselves. However, "the liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." *Soto v. Sweetman*, 882 F.3d 865, 872 (9th Cir. 2018) ("This rule [requiring that courts liberally construe pro se filings] does not exempt [pro se litigants] from all compliance"); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."); *Leon v. Rockland Psychiatric Ctr.,* 232 F. Supp. 3d 420, 428 (S.D.N.Y. 2017) (quoting *Bell v. Jendell,* 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013)); *see also Ruggiero v. City of Cortland*, 2019 WL 1978623, at *3 (N.D.N.Y. May 3, 2019) ("Although pro se plaintiffs are entitled to a significant measure of latitude when it comes to pleading and in matters of procedure, the solicitude afforded to a party who chooses to proceed without the benefit of a lawyer is not boundless.").

Here, Wallace has chosen not to oppose LVMPD's arguments regarding his equal protection-based claims, First Amendment-based claims, § 1981 discrimination claim, state law invasion of privacy claim, and state law negligence claim. In doing so, Wallace has failed to provide this Court with any additional facts or law to "liberally construe." In essence, Wallace is improperly asking this Court to scour his Complaint and help him come up with arguments or facts to defeat LVMPD's Motion. *See Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (noting that "[i]t is not [an appellate court's] task, or that of the district court to scour the record in search of a genuine issue of triable fact."); *see also Arisman v. Woodford*, 2009 WL 814245, *2 (N.D. Cal. Mar. 25, 2009) (applying *Keenan* in ruling on a motion to dismiss). Thus, although this Court should liberally construe Wallace's facts, it is not this Court's job to do Wallace's job for him.

/ / /

/ / /

/ / /

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-464 5169311_3

IV. **LEGAL ARGUMENT**

    A. **WALLACE'S *MONELL* CLAIM AGAINST LVMPD MUST BE DISMISSED.**

As set forth in LVMPD's Motion to Dismiss, Wallace's claims against LVMPD fail for two reasons: (1) he has failed to plead facts supporting a constitutional violation and (2) even if he has pled sufficient facts, he has not pled facts supporting a *Monell* claim against LVMPD. Wallace's Opposition does little to counter LVMPD's arguments.

    1. **Wallace has not pled facts supporting a constitutional violation against the individual officers.**

        a. **The unlawful detention/false arrest claim (First COA).**

Wallace argues the officers lacked reasonable suspicion to detain him and lacked probable cause to arrest him. (ECF No. 1, First COA) LVMPD's Motion establishes Wallace's pled facts confirm the officers had both reasonable suspicion to detain him and probable cause to arrest him. In Opposition, Wallace counters the officers lacked probable cause because the District Attorney dropped all charges against him. (ECF No. 15 at 2:17-18) (It appears Wallace is abandoning his lack of reasonable suspicion claim as he offers no argument on this issue.)

As set forth in LVMPD's Motion, "[t]he Constitution does not guarantee that only the guilty will be arrested." *Olsen v. Henderson*, 2:12-CV-543-JCM (PAL), 2014 WL 806315, at *5 (Feb. 27, 2014) (citing *Baker v. McCollan*, 443 U.S. 137, 144 (1979)). The eventual disposition of the charges is immaterial to a court's probable cause determination as a conviction requires a higher burden of proof than is required to show probable cause. *See, e.g., Peschel v. City of Missoula*, 686 F.Supp.2d 1107, 1121 (D. Mont. 2009) (citing *Illinois v. Gates*, 462 U.S. 213, 235 (1983)).

Here, based on the undisputed facts, the officers had probable cause to cite Wallace for attempted trespass under NRS 207.200(1) because he admitted to filming a restricted area of the LVMPD substation. The officers reasonably concluded Wallace intended to "vex or annoy the owner or occupant" or "commit a[n] unlawful act." *See* NRS § 207.200(1).

Further, the Supreme Court has explained when there is probable cause to arrest for any crime, the arrest does not violate the Fourth Amendment, even if that crime was not actually

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

MAC:14687-464 5169311_3

charged. *See Devenpeck v. Alford*, 543 U.S. 146, 153-54 (2004); *Ewing v. City of Stockton*, 588 F.3d 1218, 1230 n.19 (9th Cir. 2009). Here, the LVMPD officers could have also arrested Wallace for obstructing a public officer. NRS § 197.190 states an individual obstructs a public officer when, "after due notice, shall refuse or neglect to make or furnish any statement, report or information lawfully required of hiem by any public officer . . .or who shall willfully hinder, delay or obstruct any public officer . . . [is] guilty of a misdemeanor." *Id.* NRS § 171.123(3) states an "officer may detain the person pursuant [to reasonable suspicion] to ascertain the person's identity and the suspicious circumstances surround[ing] the person's presence abroad. Any person so detained shall identify himself or herself . . ." *Id.*

The issue on obstruction is straight-forward. Wallace's Complaint admits he obstructed the LVMPD officers' investigation by initially failing to identify himself. (ECF No. 1 at ¶32 ("Plaintiff refused to answer questions about his identity . . .")); s*ee Tsao v. Desert Palace*, *Inc.*, 698 F.3d 1128, 1146-47 (9th Cir. 2012) (Under Nevada law, it is obstruction to "impede" and prolong an investigation.) By initially refusing to identify himself, Wallace admits he neglected to furnish a statement required by NRS § 171.123(3) and willfully hindered the officers' investigation.

Thus, based upon the above, Wallace's pled facts establish the LVMPD officers had probable cause to arrest him.

    **b.**  **The unreasonable search and seizure of property claim (First COA).**

Wallace alleges the LVMPD officers unreasonably searched and seized his property. (ECF No. 1 at ¶48) This claim is dependent on Wallace first establishing his arrest lacked probable cause. Because reasonable suspicion/probable cause existed, this claim fails as a matter of law.

    **c.**  **Wallace's excessive force claim (First COA).**

Wallace argues in his Opposition "LVMPD alleges that I don't allege that a gun was pointed at me in the Complaint, but I did allege that." (ECF No. 15 at 3:18-19) This is inaccurate. LVMPD admits the officers approached Wallace with their guns drawn. (ECF No. 8 at 12:23)

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-464 5169311_3

LVMPD's Motion argues the mere fact the LVMPD officers drew their guns is not sufficient to state an excessive force claim. (*Id*. at 12:25-13:3) Wallace's Opposition does not challenge this argument.

### d. The Fourteenth Amendment equal protection claim (Second COA).

Wallace alleges the LVMPD officers discriminated against him based upon his race, his position as a member of the press, and his (undefined) political affiliation. LVMPD's Motion argues Wallace's Complaint fails to plead any facts supporting this claim, and, therefore, dismissal is appropriate.

Under the Nevada local rule, "[t]he failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion." *See* LR 7-2(d). Wallace's Opposition makes no effort to refute LVMPD's argument and offers no new facts he could plead supporting this claim. As such, he is consenting to dismissal of this claim. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming grant of an unopposed motion to dismiss under Nevada local rule by deeming a pro se litigant's failure to oppose as consent to granting the motion).

### e. The First Amendment claim (Third COA).

Wallace alleges the LVMPD officers arrested him in retaliation for him exercising his First Amendment rights. (ECF No. 1 at ¶61) As set forth above, the LVMPD officers had probable cause to arrest Wallace for both attempted trespass and obstruction (when he admittedly refused to identify himself). Further, Wallace admits he was attempting to film an area clearly marked off-limits to the public. Thus, there are no pled facts suggesting he was arrested for filming a public police encounter with law enforcement as he was admittedly filming a non-public area. Wallace's Opposition makes no attempt to argue against the dismissal of this claim, and he sets forth no additional facts he could plead. Thus, dismissal is appropriate. *See* LR 7-2(d); *Ghazali*, 46 F.3d at 53.

### f. 42 U.S.C. § 1981 claim (Fifth COA).

Wallace pled a § 1981 claim alleging the LVMPD officers discriminated against him.

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-464 5169311_3

After LVMPD filed its Motion to Dismiss, the Ninth Circuit issued an opinion indicating while § 1981 claims establish substantive rights that a state actor may violate, it does not contain a remedy against that state actor for such violations. *Yoshikawa v. Seguirant*, ---4th ---, 2023 WL 4722982 *2 (9th Cir. 2023) (en banc). Thus, the *Yoshikawa* Court held a plaintiff seeking to enforce rights secured by § 1981 action against a state actor must instead plead their cause of action as a 42 U.S.C. § 1983 claim. *Id*. Therefore, this claim must be dismissed.

   **2. Even if Wallace has pled a viable 42 U.S.C. § 1983 claim against the individual offices, he has not pled sufficient facts to support a *Monell* claim.**

LVMPD's second argument is that, even if Wallace's Complaint states a constitutional violation (which it does not), the Court must still dismiss LVMPD because Wallace has pled no facts suggesting an unconstitutional policy, practice or custom. *See Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658 (1978). The standard for pleading a *Monell* claim has been described as "not a low bar", "demanding", and "rigorous." *See Sabra v. Maricopa Cnty. Community College District*, 44 F.4th 867, 884 n.9 (9th Cir. 2022) (collecting cases).

Wallace's Opposition makes no attempt to counter LVMPD's argument on this issue and offers no new facts he could plead to support this claim. As such, dismissal on this ground is appropriate as well. *See* LR 7-2(d); *Ghazali*, 46 F.3d at 53.

**B. DISMISSAL OF WALLACE'S STATE LAW CLAIMS IS ALSO APPROPRIATE.**

In addition to his federal law claims, Wallace also alleges Nevada state law claims including assault and battery, false arrest and false imprisonment, invasion of privacy, and negligence.

   **1. Assault and battery.**

Wallace's state law assault and battery claims are premised on the same facts as his § 1983 excessive force claim. As such, these claims require dismissal for the same reasons. *See Ramirez v. City of Reno*, 925 F.Supp. 681, 691 (D. Nev. 1996) (the standard for common-law assault and battery by a police officer is same as a § 1983 excessive force claim).

MAC:14687-464 5169311_3

### 2. False arrest and false imprisonment.

These state law claims mirror Wallace's § 1983 false arrest and illegal search and seizure claims. *Marschall v. City of Carson*, 464 P.2d 494 (Nev. 1970). Thus, these claims fail for the same reason as Wallace's § 1983 false arrest claim. In addition, the officers would be protected under Nevada's discretionary immunity statute, NRS § 41.032. *See Ortega v. Reyna*, 953 P.2d 18, 23 (Nev. 1998) (decision to arrest or not arrest is discretionary). Wallace's Opposition does not contest either basis for dismissal.

### 3. Invasion of privacy.

Wallace alleges the LVMPD officers violated his privacy rights by searching him. As set forth above, the searching of Wallace was a lawful search incident to an arrest. Wallace's Opposition makes no opposing argument.

### 4. Negligence.

Wallace alleges the officers conducted a negligent investigation prior to his arrest. LVMPD and its officers are immune from any negligent investigation claims. *Pittman v. Lower Court Counseling*, 871 P.2d 953, 956 (Nev. 1994); *Foster v. Washoe Cnty.*, 964 P.2d 788, 792 (Nev. 1998). The Opposition makes no effort to establish this fact.

### C. WALLACE SHOULD NOT BE GRANTED LEAVE TO AMEND.

Wallace asks "[if] the Court grants the Motion to Dismiss," he be granted "leave to amend, as it would not be futile, undue delay, or dilatory." (ECF No. 15 at 19-20) LVMPD does not dispute that leave should be freely given. *See* Fed.R.Civ.P. 15(a). Nevada's local rules, before allowing leave to amend, requires "the moving party *must* attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading." *See* LR 15-1; *see also Echeverria v. Nevada*, 2022 WL 3648382, *1-2 (D. Nev. 2022) (leave to amend denied where movant failed to comply with LR 15-1.)

Wallace's request for leave to amend fails to comply with LR 15-1. Further, his Opposition does not even hint at what additional facts Wallace could plead to avoid dismissal. Thus, if the Court is inclined to grant Wallace leave to amend, it should require him to follow the requirements of LR 15-1.

MAC:14687-464 5169311_3

## V. CONCLUSION

Based upon the above, LVMPD requests that its Motion to Dismiss be granted in its entirety.

Dated this 1st day of August, 2023.

MARQUIS AURBACH

By  *s/Craig R. Anderson*
Craig R. Anderson, Esq.
Nevada Bar No. 6882
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorneys for Defendant LVMPD

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **DEFENDANT LVMPD'S REPLY IN SUPPORT OF MOTION TO DISMISS** was submitted electronically for filing and/or service with the United States District Court on the 1st day of August, 2023. Electronic service of the foregoing document shall be made in accordance with the CM/ECF-Service List as follows: N/A

I further certify that I served a copy of this document by mailing a true and correct copy thereof, postage prepaid, addressed to:

Floyd Wallace
1613 Leopard Lane
College Station, TX 77840
Pro Per

*s/Sherri Mong*
an employee of Marquis Aurbach