Floyd Wallace
1613 Leopard Ln.
College Station, TX 77840
(402) 347-0770
floydwallacecivilrights@gmail.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| FLOYD WALLACE ) | Case No.: 2:23-cv-00809 |
| ) | |
| Plaintiff, ) | **MOTION FOR LEAVE TO FILE A** |
| ) | ***SUR REPLY* IN OPPOSITION OF** |
| v. ) | **LVMPD'S MOTION TO DISMISS** |
| ) | |
| LAS VEGAS METROPOLITAN POLICE ) | |
| DEPARTMENT, et al. ) | |
| ) | |
| Defendants. ) | |

# INTRODUCTION

I, Plaintiff Floyd Wallace, move this honorable court for leave to file a *sur reply* in opposition of Defendant LVMPD's Motion to Dismiss at ECF No. 8, pursuant to LR 7-2(b). This motion is made and based on the attached Memorandum of Points and Authorities, the pleadings, and papers on file herein, and any oral argument allowed by counsel at the time of the hearing.

The *sur reply*, if granted, will be no more than eight (8) pages and cover only issues newly raised in LVMPD's reply ("Reply") at ECF No. 20.

# MEMORANDUM OF POINTS AND AUTHORITIES

**A. This court may allow leave of a *sur reply*.** Courts in this district have allowed sur-replies "to address new matters raised in a reply to which a party would otherwise be unable to

1

respond." *Kanvick v. City of Reno*, No. 3:06-CV-00058-RAM, 2008 U.S. Dist. LEXIS 24719, at *1 n.1 (D. Nev. Mar. 27, 2008). Defendant LVMPD has raised several new issues in its reply which I cover below.

**A. Unreasonable search and seizure.** LVMPD newly argues (Reply, 6:21-24) that I must first establish that LVMPD lacked probable cause before raising an unreasonable search and seizure claim. Where this circuit has held that Defendants must prove probable cause and that it is a question of fact, this makes no sense. *United States v. Cervantes*, 678 F.3d 798, 804 (9th Cir. 2012).

**B. Opposition to Defendant's Motion to Dismiss**. LVMPD newly argues that I failed to oppose LVMPD's motion to dismiss (Reply, 4:15-16, 7:4-16). It is not my responsibility to address all two hundred of LVMPD's errors, like its laughable claims that filming a "prohibited area" from public is illegal and a crime known as attempted trespass. How about whether someone illegally detained must identify themselves, or whether refusing to show a driver license is the same as refusing to identify. How about failing to aid a police investigation is the same as an overt act to obstruct the investigation. My complaint is well plead, I clearly opposed every one of their factual assertions and countered with the actual facts in the complaint, and I clearly opposed their motion to dismiss. (Opposition at ECF No. 15, 1-4, 2:15-17). If they really mean to rely on their errors, they can put them in an answer, but their errors don't make my complaint invalid. Moreover, LVMPD newly cites *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) where the plaintiff did not identify evidence that precluded summary judgement. Here, this is not a summary judgment, and all facts are to be weighed in my favor and the Court doesn't have to search for ones that are disputed. LVMPD newly cites *Arisman v. Woodford*, No. C 00-4049 PJH (PR), 2009 U.S. Dist. LEXIS 24864, at *6-7 (N.D. Cal. Mar. 25, 2009) as applying to

a motion to dismiss. There, the court and defense both told plaintiff that he must attach a declaration saying that he exhausted a retaliation claim. Plaintiff failed to attach a declaration and the court said that it wasn't going to search the voluminous evidence in the record. The court **did not** say that it would not look at the facts alleged in the four corners of the complaint. Here, the facts alleged are in the complaint.

**C. New facts pled.** LVMPD newly argues that I "offered no new facts he could plead" (Reply, 2:7, 7:12-13, 8:16). Which is inaccurate. I stated that I could plead that the gun was pointed at my head if it was not clear in the complaint (Opposition at ECF No. 15, 3). Although it seems irrelevant, other than LVMPD alleges that the case law shows it is clearly excessive force if it was pointed at my head, regardless of other facts. The mere fact that the gun was drawn or pointed at my head does not prove excessive force. Excessive force is a question of fact based on reasonableness. Even the drawing of the gun, without it being pointed at my head (although it was), could be excessive force, even though LVMPD's cited case would be less relevant.

**D. Recording a police encounter.** LVMPD newly argues that I pled no facts suggesting that I was arrested for filming a public police encounter (Reply, 7:20-21). This is inaccurate, the facts clearly indicate that I was recording a police interaction. (Complaint at ECF No. 6, ¶17).

**E. §1981 Claims.** LVMPD newly argues that §1981 claims must be filed as a §1983 claim against "a state actor". (Reply, 8:1-6) As in many arguments of LVMPD's motion to dismiss, they mistake claims against the individuals for claims against LVMPD in the Complaint.

**F. Monell Claim requirements.** LVMPD newly argues that since Plaintiff "offers no new facts he could plead to support his claim" (Reply 8,16), that my claim automatically fails.

3

No new facts were required. The Complaint at ECF No. 6 identifies the challenged policy or custom (Complaint, ¶50), explains how the policy caused me harm (Complaint, ¶49), and the remaining Monell requirements are contextualized in the factual allegations that I was unarmed, had committed no crime, and was non-threatening. The claims are sufficient for this pre-discovery stage of the proceedings. *Estate of Mendez v. City of Ceres*, 390 F. Supp. 3d 1189, 1208 (E.D. Cal. 2019). As mentioned, I opposed LVMPD's motion as it was full of incorrectly applied law and facts. My Complaint should only be dismissed if what LVMPD says is correct and I didn't oppose it. If a complaint is merely dismissed because of what is in a motion and not based on the four corners of the complaint, then I can simply refile. "A Rule 12(b)(6) motion to dismiss for failure to state a claim is viewed with disfavor and rarely granted." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir.1997). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *Neighbors of Cuddy Mountain v. Alexander*, 303 F.3d 1059, 1068 (9th Cir. 2002). To survive a motion to dismiss, a plaintiff need not set forth the legal basis for his claim, only the facts underlying it. *McCalden v. California Library Ass'n.*, 955 F.2d 1214, 1223 (9th Cir. 1990); see also 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356, at 294-96 (1990).

 **G. Negligent investigation.** LVMPD newly argues that my opposition "makes no effort to establish this fact" (Reply, 9:16). Where Defendant's new argument is cognizable, the Complaint pleads facts that paint many acts of either negligence or sheer malice, not just including negligent investigation.

 **H. Leave to amend.** I don't know if LVMPD counsel is being serious here, when they claim that I must attach a copy of a proposed amended pleading before this Court can grant him

leave to amend. (Reply, 9:18-28). Right now, I'm not asking for leave to amend. I believe my complaint is sufficient. Where this Court finds that it isn't, this court should grant leave to amend. I also cited case law saying that this Court should identify where my complaint is deficient. I can't submit a copy of the proposed amended complaint when I don't know where the Court will find it deficient.

## CONCLUSION

Accordingly, Plaintiff respectfully requests this Court:

1. Deny Defendant LVMPD's motion to dismiss my Complaint.

2. If this Court does grant LVMPD's Motion in whole or in part, to notify me where my complaint is deficient and allow me to amend.

DATED: August 2, 2023                                          Respectfully submitted,

*Floyd Wallace*
Floyd Wallace
1613 Leopard Ln.
College Station, TX 77840
floydwallacecivilrights@gmail.com
(402) 347-0770
*Pro Se*