Floyd Wallace
1613 Leopard Ln.
College Station, TX 77840
(402) 347-0770
floydwallacecivilrights@gmail.com

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| FLOYD WALLACE | ) Case No.: |
| | ) |
| Plaintiff, | ) **PLAINTIFF'S AMENDED MOTION** |
| | ) **FOR RULE 11 SANCTIONS ON** |
| v. | ) **DEFENDANT LVMPD AND** |
| | ) **THEIR COUNSEL; DECLARATION** |
| LAS VEGAS METROPOLITAN POLICE | ) **OF FLOYD WALLACE IN SUPPORT** |
| DEPARTMENT, et al. | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## INTRODUCTION

I, Plaintiff Floyd Wallace moves this honorable Court for Fed. R. Civ. P. Rule 11 sanctions against Las Vegas Metropolitan Police Department ("LVMPD"), their counsel, and their courier for filing their frivolous "Motion to Strike 6 Complaint" ("Motion") at ECF No. 11, which was filed for an improper purpose.

This motion is made and based on the attached Motion that was served on Defendant LVMPD and for which the safe harbor period has lapsed, the included Declaration of Floyd Wallace, the pleadings, and papers on file herein, and any oral argument allowed by counsel at the time of the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

On July 17, 2023, LVMPD filed a frivolous motion ("Motion") to strike Plaintiff's complaint (ECF No. 11).

On July 18, 2023, I served LVMPD notice by email, a sanctions letter regarding their Motion, allowing them 21 days to withdraw their frivolous Motion.

On July 26, 2023, I served LVMPD the actual Motion for Sanctions, which is attached here as Exhibit 1 and which I bring now before this court.

On August 8, 2023, was the last day of the safe harbor period for LVMPD to withdrawal their frivolous motion.

LVMPD did not withdraw their motion, and now I bring the attached motion before the court.

## CONCLUSION

Accordingly, Plaintiff respectfully requests this Court:

1. Order to show cause why LVMPD, its counsel, and its couriers shouldn't be sanctioned for violating Rule 11.

## DECLARATION OF FLOYD WALLACE IN SUPPORT

I declare under penalty of perjury, that the foregoing is true and correct.

DATED: August 9, 2023                         Respectfully submitted,

*Floyd Wallace*

Floyd Wallace
1613 Leopard Ln.
College Station, TX 77840
floydwallacecivilrights@gmail.com
(402) 347-0770
*Pro Se*

# EXHIBIT 1

Floyd Wallace
1613 Leopard Ln.
College Station, TX 77840
(402) 347-0770
floydwallacecivilrights@gmail.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| FLOYD WALLACE | ) Case No.: |
| | ) |
| Plaintiff, | ) **PLAINTIFF'S MOTION FOR** |
| | ) **RULE 11 SANCTIONS ON** |
| v. | ) **DEFENDANT LVMPD AND** |
| | ) **THEIR COUNSEL** |
| LAS VEGAS METROPOLITAN POLICE | ) |
| DEPARTMENT, et al. | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**INTRODUCTION**

I, Plaintiff Floyd Wallace moves this honorable Court for Fed. R. Civ. P. Rule 11

sanctions against Las Vegas Metropolitan Police Department ("LVMPD"), their counsel, and

their courier for filing their frivolous "Motion to Strike 6 Complaint" ("Motion") at ECF No. 10,

which was filed for an improper purpose. In the Motion, LVMPD provides documentary

evidence showing my Complaint was copied from someone else's complaint. Then without

evidence or reasonable inquiry, LVMPD moves this Court to strike my complaint because they

allege that the person whose complaint I copied is acting illegally as my attorney, making my

complaint improperly filed. When contacted by email, and given multiple opportunities,

LVMPD's counsel failed to provide evidence demonstrating that the claims that they asserted

1

1  were well-grounded in fact and warranted by existing law.

2      This motion is made and based on the attached Memorandum of Points and Authorities,

3  the pleadings, and papers on file herein, and any oral argument allowed by counsel at the time of

4  the hearing.

5                    **MEMORANDUM OF POINTS AND AUTHORITIES**

6      **A. LVMPD has no factual basis for their claims.** In LVMPD's Motion, no factual

7  assertions are supported by a declaration or affidavit and the attached document has no

8  authentication. The exhibit in the Motion is not self-authenticating because LVMPD did not

9  bother to get a certified copy, nor did they request that this Court take judicial notice.

10     Even if LVMPD's attorney had included a declaration of his statements, he obviously

11  lacks personal knowledge of at least one of the facts. Further, LVMPD's statements include

12  hearsay from non-parties, and statements that in general are irrelevant to this case. Pursuant to

13  Fed. R. Civ. P. Rule 6(c)(2), the motion is not supported and cannot be corrected by a reply,

14  because a supporting declaration must be served with the motion.

15     LVMPD's reasonable inquiry into the evidence as required by Fed. R. Civ. P. Rule 11

16  would have simply revealed that one complaint was reference material for the other. LVMPD

17  fails to include evidence of the illegal practice of law in the filing of my complaint. LVMPD fails

18  to say that there would be evidence of the illegal practice of law in the filing of my complaint

19  should they have the opportunity for further investigation. Assuming the documentary evidence

20  submitted by LVMPD is true and admissible, they could have requested relief for plagiarism.

21  Assuming that hearsay evidence from LVMPD is true and is admissible, they could have

22  requested relief for DeCastro paying my filing fee, or for DeCastro couriering my complaint to

23  the court. They did not do that. Instead, LVMPD requested unrelated relief related to the illegal

practice of law during the filing of my complaint without **any** supporting evidence.

Further, LVMPD offers no evidence that Jose DeCastro ("DeCastro") is not a licensed attorney in whatever state statutes they are claiming were violated (no state statutes were cited).

**B. Plaintiff's complaint is valid, even if plagiarized.** Pursuant to Fed. R. Civ. P. Rule 11, my complaint is warranted by existing law and its allegations and factual contentions have evidentiary support. Unlike LVMPD's Motion.

Federal Rules have no rule against copying. "In fact, novel ideas are typically the weakest legal positions and the hardest to argue". Schatz and McGrath "*Beg, Borrow, Steal: Plagiarism vs. Copying in Legal Writing*," 26 California Litigation 3 (2013). Here, it is obvious that the reference material was adequately tailored to the claims and facts of this case, and LVMPD has cited no authority that disallows me from using DeCastro's complaint as a reference.

This Court **should** find the complaints of DeCastro and myself to be very similar because **the incidents are similar and show a clear pattern of criminal and civil rights violations by the LVMPD**.

**E. This Court may issue sanctions on LVMPD, their attorney, and anyone that files or submits the paper.** Fed. R. Civ. P. Rule 11. LVMPD's frivolous motion completely lacks any factual or legal basis and is clearly only meant to delay the need for a responsive filing while LVMPD's frivolous motion is pending, as indicated in LVMPD's reference to *Carter v. Penzone,* and to harass and embarrass DeCastro and myself. The cost imposed by LVMPD's Motion on me and on the judicial system could have been avoided by a reasonable pre-filing inquiry. A reasonable attorney would **not** have found this Motion's request for relief to be well-founded based on the evidence, or lack thereof, in this Motion. A lawyer must distinguish a fact from an inference he seeks to press it on the court. It is unprofessional conduct to represent

1  inferences as facts. E.g., *In re Curl*, 803 F.2d 1004, 1006 (9th Cir. 1986); *United States v.*

2  *Lachman*, 803 F.2d 1080, 1082 (9th Cir.), cert. denied, 479 U.S. 990, 107 S. Ct. 586, 93 L. Ed.

3  2d 588 (1986). Fed. R. Civ. P. Rule 11(c)(3) authorizes this Court to order sanctions on its own

4  or by motion (Rule 11(c)(2)) to deter future frivolous motions. Rule 11(b) authorizes this court to

5  order sanctions on anyone that signs, files, submits, or later advocates for a filing being presented

6  (1) for any improper purpose, or (2) not warranted by existing law, or (3) where the factual

7  contentions lack evidentiary support.

8    **F. This Court may strike immaterial pleadings.** Fed. R. Civ. P. Rule 12(f) allows for

9  this Court on its own or on motion made by a party to strike immaterial, impertinent, or

10  scandalous matters. The allegations in the Motion "have no possible bearing on the controversy"

11  presented by this action. *Employers Ins. of Wausau*, 871 F. Supp. at 391. Accordingly, the court

12  should strike this pleading from the record.

13           **CONCLUSION**

14    Accordingly, Plaintiff respectfully requests this Court:

15    1. Order to show cause why LVMPD, its counsel, and its couriers shouldn't be

16  sanctioned for violating Rule 11.

17  DATED: July 26, 2023       Respectfully submitted,

18

19            *Floyd Wallace*

          Floyd Wallace

20            1613 Leopard Ln.

          College Station, TX 77840

          floydwallacecivilrights@gmail.com

21            (402) 347-0770

          *Pro Se*

22

23