# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| FLOYD WALLACE,<br><br>    Plaintiff(s),<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>    Defendant(s). | Case No. 2:23-cv-00809-APG-NJK<br><br>**ORDER**<br><br>[Docket Nos. 23, 24] |

Pending before the Court is Plaintiff's motion to appoint counsel or refer him to the pro bono program. Docket No. 23. Also pending before the Court is Plaintiff's motion to stay the case pending that appointment or referral. Docket No. 24. Plaintiff represents that Defendants do not oppose the requests. *See, e.g.*, *id.* at 2. The motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons stated below, the motions are both **DENIED**.

A civil litigant does not have a constitutional right to counsel. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Nonetheless, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).[1] The Court will do so in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). In this case, Plaintiff paid the filing fee, *see* Docket No. 4, and has made no showing that he is unable to afford counsel. The Court has also not been persuaded that exceptional circumstances exist, either with respect to Plaintiff's abilities to articulate his positions or his likelihood of success on the merits.

---

[1] The Court lacks the authority to compel an attorney appointment in this context. *Mallard v. United States Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 307 (1989). Hence, "the statute does not actually authorize the court to force a lawyer to take a case" and the Court does not have "staff attorneys standing by to represent *pro se* litigants." *Chan v. Ryan*, 2023 WL 197429, at *2 (W.D. Wash. Jan. 17, 2023) (quoting *Sifuentes v. Nautilus, Inc.*, 2022 WL 1014963, at *1 (W.D. Wash. Apr. 5, 2022)).

*See Palmer*, 560 F.3d at 970.  As such, the Court will not "appoint" counsel pursuant to 28 U.S.C. § 1915(e)(1).

The Court may refer a *pro se* party to the pro bono program.  *See* Sec. Amended Gen. Order 2019-07.  Such a referral is highly discretionary and turns on some of the same considerations addressed above, including the inability to retain counsel by other means, the potential merits of the claims, and the capability of the movant to present the case.  *See, e.g.*, *id.* at 4.  The Court declines to make such a referral in this case in considering the various factors.

Accordingly, Plaintiff's motion to appoint counsel or refer him to the pro bono program is **DENIED**.  The motion to stay the case is **DENIED** as moot.

IT IS SO ORDERED.

Dated: August 16, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

2