Floyd Wallace
1613 Leopard Ln.
College Station, TX 77840
(402) 347-0770
floydwallacecivilrights@gmail.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| FLOYD WALLACE | Case No.: |
| Plaintiff, | **PLAINTIFF'S OBJECTION/MOTION FOR DISTRICT JUDGE TO RECONSIDER** |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al. | |
| Defendants. | |

**INTRODUCTION**

I, Plaintiff Floyd Wallace moves this honorable Court to reconsider my motions (1) to stay this action while I find counsel, and (2) to refer me to the local *pro bono* panel that this court filed on August 15,2023 (ECF Nos. 23 and 24).

Pursuant to LR IB 3-228 and U.S. Code § 636(b)(1), I object to the Magistrate Judge's order entered on August 16, 2023 at ECF No. 25 and request a *de novo* review of the record.

This motion is made and based on the included Memorandum of Points and Authorities, the included Request for Judicial Notice, the pleadings, and papers on file herein, and any oral argument allowed by counsel at the time of the hearing.

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

On May 24, 2023, I filed the civil rights complaint in this action, alleging facts constituting claims for minimally, violations of my rights under the First, Fourth, and Fourteenth Amendments of the United States Constitution, Monell claims due to policies and or failure to train, unequal protection, assault, battery, false arrest, false imprisonment, invasion of privacy, and negligence.

On July 17, 2023, Defendant Las Vegas Metropolitan Police Department ("LVMPD") filed a frivolous motion ("Motion") to strike Plaintiff's complaint (ECF No. 11). In that Motion, LVMPD alleges that this case is too complex for me to handle on my own, requiring the assistance of well-known constitutional law scholar Jose DeCastro to write and file my pleadings in this matter.

On July 26, 2023, I emailed LVMPD's counsel and asked if they would oppose my request be referred for *pro bono* assistance, or to stay the proceedings until we heard back from the *pro bono* panel.

On July 27, 2023, LVMPD's counsel emailed to say that they would not oppose my requests to be referred for *pro bono* assistance or my motion to stay the proceedings until we heard back from the *pro bono* panel.

On August 15, 2023, this Court filed my unopposed motion to stay ("Stay") this action until I found counsel, and to be referred to the local *pro bono* panel (ECF Nos. 23 and 24).

On August 16, 2023, this Court's magistrate judge entered an order ("Order") (ECF No. 25) denying the motion to stay this action to find counsel and the motion to be referred to the local *pro bono* panel. This Court applied the wrong law and the wrong facts to its decision, and I object under LR IB 3-2 and 28 U.S. Code § 636(b)(1) and request a review *de novo* of the record.

2

**A. Objection to factual assumptions and findings, and ability to pay analysis.** The Order found that "In this case, Plaintiff paid the filing fee, *see* Docket No. 4, and has made no showing that he is unable to afford counsel." Order, 1:20-21. The Order assumes erroneous "facts" and ignores facts presented in this action in reaching an incorrect conclusion.

The receipt at Docket No. 4 does not say who paid the filing fee. The Order assumes, absent evidence, that I paid it, contrary to other evidence in the record.

LVMPD in their Motion, admits that Jose DeCastro ("DeCastro") raised the funds to pay the filing fee. Motion, 6:13-15. Additionally, this is shown in the video that LVMPD includes by reference. Motion, 6:23.

This shows that I did not pay the filing fee, and in part am unable to afford counsel.

The fact that I am requesting *pro bono* service, which people who can afford attorneys do not do, shows in part, that I am unable to afford counsel. A Harvard Law Review article in 2016 says the following:

> Economic pressures on lawyers mean that sometimes, despite their best intentions, pro bono clients may receive less attention. About three fifths of [surveyed public interest law] organizations experienced some quality concerns; fourteen percent . . . reported extensive problems, 33% reported moderate problems, and 8% reported limited problems.
> ARTICLE: Beyond the Numbers: What We Know--and Should Know--About American Pro Bono, 7 Harv. L. & Pol'y Rev. 83, 101-102. See also ARTICLE: PRO BONO GRIEVANCES, 12 Cardozo Pub. L. Pol'y & Ethics J. 375.

Additionally, I expect the local *pro bono* panel itself is better able to determine if I am eligible. *Williams v. Allen*, No. 2:17-cv-01612-RFB-DJA, 2022 U.S. Dist. LEXIS 158907, at *5 (D. Nev. Sep. 2, 2022). See also, every order for referral to the *pro bono* panel, which all include the same language. "IT IS FURTHER ORDERED that this case shall be referred to the Pro Bono Program adopted in Second Amended General Order 2019-07 for the purpose of screening for

financial eligibility (if necessary)…"

In this Circuit, unopposed motions for appointment of counsel are granted with no exceptional circumstances required beyond a merit analysis and the plaintiff having had exercised a previous search for counsel. There also is no financial need requirement. However, pro se litigants are expected to pay to the extent that they can. *Nahum v. Boeing Co.*, No. C19-1114-MJP, 2019 U.S. Dist. LEXIS 128002, at *1-2 (W.D. Wash. July 31, 2019).

When facts alleged are insufficient to grant a Motion, LR IB 1-4 says that a magistrate judge is to conduct any necessary evidentiary or other hearings to determine pretrial matters. Here, the magistrate judge instead made assumptions contrary to the record and denied the motion. It is also obvious that the record was not reviewed.

Generally, *pro se* plaintiffs are granted the opportunity to offer proof. *Haines v. Kerner*, 404 U.S. 519, 521, 92 S. Ct. 594, 596 (1972). Here, Plaintiff was not offered that opportunity.

Courts in this district have found where there is insufficient evidence to determine if a referral is warranted, they have denied motions for referral **without prejudice**. *Countach v. United States Postmaster Gen. Megan J. Brennan*, No. 3:18-cv-00355-RCJ-WGC, 2019 U.S. Dist. LEXIS 247812, at *5 (D. Nev. Nov. 14, 2019). Here, instead, the magistrate judge assumed facts, made incorrect determinations of fact, and outright denied Plaintiff's motion.

Additionally, a magistrate judge seems to lack the jurisdiction to try facts without consent of all parties in an evidentiary hearing. *NLRB v. A-Plus Roofing*, 39 F.3d 1410, 1416 (9th Cir. 1994). Here, the Order indicates that an evidentiary hearing without oral argument was held.

Finally, it seems unlikely that a reasonable person could have reviewed the video of the incident and seen that recording from public could be considered attempted trespass or fail to see that a gun was pointed at Plaintiff's head, which the Defendants admit is the grounds for an

excessive force claim. (ECF No. 8, 12:12). The pleadings and the videos clearly articulate a cognizable claim for relief. *Tilei v. McGuinness*, 642 Fed. Appx. 719, 722 (9th Cir. 2016). It seemed more likely that the Order did not account for the differences between providing an opinion on the merits of a case with a merit analysis. The Ninth Circuit has indicated that the articulation of a cognizable claim for relief may itself be sufficient to satisfy the 'merit' analysis on a motion for appointment of counsel. *Id*.

Here, the finding of fact and any credibility determinations made for this Order were clearly erroneous, should be disregarded, and reviewed *de novo*.

**B. Wrong law applied.** The Order applied my request for a referral to the local *pro bono* panel under the "exceptional circumstances" of federal requests to appoint counsel. My request should have been decided under the looser requirements of this court's General Order 2019-07, as I specifically requested referral to this Court's local *pro bono* panel. This does not require exceptional circumstances. *Morris v. Aranas*, No. 3:18-CV-310-RCJ-CLB, 2023 U.S. Dist. LEXIS 40525, at *2-3 (D. Nev. Mar. 10, 2023).

Additionally, the Order cites, *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009), which does not include inability to pay in its criteria. When determining whether "exceptional circumstances" exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id*.

Additionally, as per General Order 2019-07, the Stay should have been decided based on a number of different factors than the ones the Order used. General Order 2019-07, 4-5:4. None of those say inability to afford counsel, although "inability to retain counsel" is mentioned. Plaintiff is both unable to afford counsel and so far has been unable to retain counsel. All of the

factors listed in the General Order apply except for (E).

The Order ignored LVMPD's allegations in their Motion that Plaintiff is unable to prepare his own pleadings. This should be seen as allegations by LVMPD that Plaintiff will have problems articulating his claims and should be granted a *pro bono* attorney. Especially if this Court finds LVMPD's allegations true. The order also ignored that the Stay was unopposed.

Finally, the Order mistakenly ruled the Stay as moot after denying the motion for referral to the *pro bono* panel. The Stay also requested relief by way of a stay, even if the motion for *pro bono* services was denied. Stay, 4:1-2.

Here, the Order made many errors of law that should be disregarded and reviewed *de novo*.

## CONCLUSION

Accordingly, Plaintiff respectfully requests this Court remand the decision back to the magistrate judge with direction or for the district judge to reconsider the record *de novo*.

DATED: August 21, 2023                    Respectfully submitted,

*Floyd Wallace*
_____
Floyd Wallace
1613 Leopard Ln.
College Station, TX 77840
floydwallacecivilrights@gmail.com
(402) 347-0770
*Pro Se*

6