**Marquis Aurbach**
Craig R. Anderson, Esq.
Nevada Bar No. 6882
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
canderson@maclaw.com
  Attorneys for Defendants LVMPD, Ofc. Torres, Ofc. Shoemaker and Ofc. McCormick

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| FLOYD WALLACE,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; STATE OF NEVADA; CHRISTIAN TORRES; JASON SHOEMAKER; CORY MCCORMICK and DOES 1 to 50, inclusive,<br><br>　　　　　　Defendants. | Case Number:<br>2:23-cv-00809-APG-NJK<br><br>**DEFENDANTS' MOTION TO STAY DISCOVERY** |
|---|---|

Defendants Las Vegas Metropolitan Police Department, Christopher[1] Torres, Jason Shoemaker and Cory McCormick ("LVMPD Defendants"), by and through their attorney of record, Marquis Aurbach, hereby file their Motion to Stay Discovery. This Motion is made and based upon the Memorandum of Points & Authorities, the pleadings and papers on file herein and any oral argument allowed at the time of hearing.

Dated this 12th day of September, 2023.

　　　　　　　　　　　　　　　　　　MARQUIS AURBACH



　　　　　　　　　　　　　　　　　　By *s/Craig R. Anderson*
　　　　　　　　　　　　　　　　　　　　Craig R. Anderson, Esq.
　　　　　　　　　　　　　　　　　　　　Nevada Bar No. 6882
　　　　　　　　　　　　　　　　　　　　10001 Park Run Drive
　　　　　　　　　　　　　　　　　　　　Las Vegas, Nevada 89145
　　　　　　　　　　　　　　　　　　　　Attorneys for LVMPD Defendants

---

[1] The caption incorrectly identifies Officer Torres as "Christian".

MAC:14687-464 5214398_2

# MEMORANDUM OF POINTS & AUTHORITIES

## I.   INTRODUCTION

This is a 42 U.S.C. § 1983 false arrest lawsuit. On May 10, 2023, plaintiff Floyd Wallace ("Wallace") covered his face with a mask, travelled to an LVMPD substation, and began filming inside a restricted area. Wallace's intent was to draw attention to himself and provoke a police encounter. When the defendant officers detained Wallace to investigate his suspicious behavior, Wallace refused to identify himself and argued the officers were violating his First Amendment rights. The defendant officers arrested Wallace and took him to jail. The district attorney did not pursue the charges.

On July 17, 2023, LVMPD filed its Motion to Dismiss (ECF No. 8), and on September 1, 2023, the individual defendant officers filed their Motion to Dismiss (ECF No. 33). Both motions establish that Wallace's claims are untenable as a matter of law as the officers had probable cause to arrest Wallace. In addition, the individual officers argue they are protected by qualified immunity. The LVMPD Defendants now request that this Court stay the litigation pending resolution of the LVMPD Defendants' motions to dismiss.

The purpose of the requested stay is to prevent the parties from incurring unnecessary fees and costs, as well as the other burdens of litigation. Qualified immunity is immunity from suit – not damages – and courts should decide the issue at the earliest stage in the litigation. *See Morales v. Fry*, 873 F.3d 817, 822 (9th Cir. 2017). Therefore, a stay of discovery is appropriate until the LVMPD Defendants' motions are ruled upon to protect the individual officers from the burdens of litigation. Further, the stay will protect Wallace from incurring unnecessary fees and costs.

## II.   BACKGROUND

### A.   WALLACE'S PLED FACTS.

According to Wallace's Complaint, on May 10, 2023, he went to LVMPD's Spring Valley Command Substation to record police officers. (ECF No. 1-1 at ¶17). Wallace covered his face with a mask and positioned himself at a gate with signs clearly prohibiting public access. (*Id.* at ¶¶17, 33). Wallace then began filming arriving police vehicles. (*Id.* at

MAC:14687-464 5214398_2

¶¶18-19). A plain-clothed officer approached Wallace and "asked Plaintiff what he was doing." (*Id.* at 19). Wallace ignored the officer and returned to a public sidewalk. (*Id.* at ¶22).

Once Wallace was on the sidewalk, several officers contacted him. (*Id.* at ¶¶24-25). An officer approached Wallace with a drawn gun, directed Wallace to the front of a police car, and handcuffed him. (*Id.* at ¶¶24-27). Wallace was told he was being detained on "reasonable suspicion" because video surveillance showed him trying to enter a gate not open to the public. (*Id.* at ¶27). As the officers frisked Wallace for weapons, he "assert[ed] his right not to have his wallet searched . . . and asked for supervisor." (*Id.* at ¶¶29-32). Wallace refused to provide his identity. (*Id.* at ¶32). When the officers threatened Wallace with arrest, Wallace finally "provide[d] his name and birthday under threat of arrest." (*Id.* at ¶35). Wallace claims the officers racially profiled him, accused him of being a terrorist, and a possible auto thief. (*Id.* at ¶¶35-41). Eventually, Wallace was arrested for "attempted trespassing." (*Id.* at ¶46). Wallace was transported to jail and released with a citation. (*Id.* at ¶48).

**B.    WALLACE'S CAUSES OF ACTION.**

As a result of Wallace's pled facts, he is suing LVMPD and several of its officers, alleging both federal law and state law claims. Specifically, his Complaint alleges:

- **First Cause of Action**: 42 U.S.C. § 1983 claims for false arrest and excessive force against defendants Torres, Shoemaker, and McCormick.

- **Second Cause of Action:** 42 U.S.C. § 1983 "and equivalent rights under the Nevada state constitution" for equal protection violations against defendants Torres, Shoemaker, and McCormick.

- **Third Cause of Action:** 42 U.S.C. § 1983 "and equivalent rights under the Nevada state constitution" for free speech retaliation.

- **Fourth Cause of Action:** 42 U.S.C. § 1983 *Monell*[2] and Supervisory Liability against LVMPD and Torres.

- **Fifth Cause of Action:** 42 U.S.C. § 1981 for intentionally discriminating against Wallace "because of his race and political affiliation and viewpoints" against Torres, Shoemaker, and McCormick.

---

[2] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711   FAX: (702) 382-5816

MAC:14687-464 5214398_2

- **Sixth Cause of Action**: State law assault against all defendants.
- **Seventh Cause of Action**: State law battery against all defendants.
- **Eighth Cause of Action:** State law false arrest and imprisonment against all defendants.
- **Ninth Cause of Action:** State law invasion of privacy claim against all defendants.
- **Tenth Cause of Action**: State law negligence claim against all defendants.

C.     PROCEDURAL HISTORY.

On May 24, 2023, Wallace filed his lawsuit. (ECF No. 1-1) Initially, Wallace only served defendant Las Vegas Metropolitan Police Department ("LVMPD"). LVMPD filed its Motion to Dismiss on July 17, 2023. (ECF No. 8) On August 14, 2023, Wallace served the defendant officers. The defendant officers filed their Motion to Dismiss on September 1, 2023. (ECF No. 33) Wallace has yet to contact the LVMPD Defendants regarding the Rule 26 conference.

## III.    LEGAL STANDARDS

"A district court has discretionary power to stay proceedings in its own court." *Glaser v. Deputy Orthopedics, Inc.*, No. 2:12–cv–00895–MMD–CWH, 2012 WL 3542380, at *1 (D. Nev. Aug. 14, 2012) (citing *Landis v. N.A. Co.*, 299 U.S. 248, 254-55 (1936) (staying proceedings pending a decision regarding a motion to dismiss)). Further, courts may restrict discovery to protect a party from annoyance, harassment, or undue burden or expense. *See* FRCP 26(c); cf. FRCP 1 (the Rules shall "be construed and administered to secure the just, speedy, and inexpensive determination of every action"). Because courts have significant discretion to manage their dockets and control discovery, an order staying discovery pending resolution of a motion to dismiss will not be overturned absent a clear abuse of discretion. *See, e.g., Lazar v. Kroncke*, 862 F.3d 1186, 1193 (9th Cir. 2017).

"Courts in this District have formulated three requirements in determining whether to stay discovery pending resolution of a potentially dispositive motion; motions to stay may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken

MAC:14687-464 5214398_2

a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief." *See Kor v. Media Group, LLC*, 294 F.R.D. 579, 581 (D. Nev. 2013).

## IV. LEGAL ARGUMENT

### A. POTENTIALLY DISPOSITIVE.

LVMPD's motion to dismiss (ECF No. 8) makes three arguments. First, it argues that Wallace's Complaint fails to state a claim because the admitted facts fail to state a claim under both federal and state law. The motion also argues that even if the Complaint states a constitutional violation, Wallace failed to include any facts suggesting a *Monell* violation. Third, the motion argues, with respect to the state law claims, that even if the Complaint states a claim for relief, the officers are entitled to discretionary immunity pursuant to NRS 41.032. If LVMPD's motion is granted, all of Wallace's claims against it will be dismissed.

The individual officers' motion to dismiss (ECF No. 8) mirrors LVMPD's motion's arguments except on the *Monell* claim. In addition, the individual officers raise the issue of qualified immunity arguing that even if Wallace has pled a constitutional violation, the officers are entitled to qualified immunity because no clearly established law exists prohibiting their conduct in this case. If the officers' motion is granted, all of Wallace's claims against them will be dismissed.

### B. NEED FOR ADDITIONAL DISCOVERY

There is no additional discovery that could change the outcome of this case. First, Wallace's Complaint sets forth sufficient facts for the Court to dismiss all claims. Second, in a recent filing, Wallace submitted his own videos of the subject event and requested the Court take judicial notice of the videos. (ECF No. 23 at 3:15-20[3]). The officers were able to incorporate Wallace's videos into their motion to dismiss. Thus, the Court can review

---

[3] *See* https://www.youtube.com/watch?v=W2wPORHfYlc

https://www.youtube.com/watch?v=sN_WGQTAAqk

MAC:14687-464 5214398_2

Wallace's allegations and his own videos to determine whether or not his rights were violated. (*See, e.g.,* ECF No. 33 at 3:13-4:11; 12:15-13:15.) The videos establish that reasonable suspicion existed to detain Wallace, that he obstructed the officers' investigation, and that all of the force used was reasonable as a matter of law. *Hughes v. Rodriguez*, 31 4th 1211, 1218-19 (9th Cir. 2022) (when video evidence exists, courts should rely on the video evidence if it "blatantly contradicts" the non-moving party's version of events) (citing *Scott v. Harris*, 550 U.S. 372, 378 (2007)).

### C. PRELIMINARY PEEK.

The final requirement is for this Court to conduct a preliminary peek of the merits of the motions to dismiss to determine the likelihood that the claims will be dismissed. *See Kor*, 249 F.R.D. at 582-83 (citing *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D.Nev. 1997). The Court should stay the case when it is "convinced that the Plaintiff will be unable to state a claim." *Id.*

**Wallace's federal law claims against LVMPD.** LVMPD's motion will certainly be granted. Wallace's only federal law claim against LVMPD is a *Monell* claim. A *Monell* claim is a claim for recovery against a local municipality, where a government entity could be held liable only when a constitutional deprivation arises from a governmental custom. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). In other words, when a municipal policy is the cause of the unconstitutional actions taken by municipal employees, the municipality itself will be liable for those actions. *Id*. Liability only exists where the unconstitutional action "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by municipal officers, or where the constitutional deprivation is visited pursuant to governmental custom even though such a custom has not received formal approval. *Id* at 690-91. The Court defined "custom" as "persistent and widespread discriminatory practices by state officials." *Id*. at 691 (citing *Adickes v. S.H. Dress & Co.*, 398 U.S. 144, 167-68 (1970)). Furthermore, the doctrine of *respondeat superior* does not apply to 42 U.S.C. § 1983 claims against municipalities. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986) (citing *Monell*, 436 U.S. at 691). In

other words, municipal liability would not be established simply by showing that a municipal employee committed a constitutional tort during the scope of his or her employment. *Id*. at 478-79. In order for a municipality to be liable, a plaintiff must establish that the wrongful act was somehow caused by the municipality. *Monell*, 436 U.S. at 694.

An affirmative link between the policy or custom and the particular constitutional violation alleged must be shown. *City of Oklahoma Cty v. Tuttle*, 471 U.S. 808, 823 (1985). Moreover, the alleged policy or custom must be the "moving force" behind the constitutional violation in order to establish liability under § 1983. *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citing *Monell*, 436 U.S. at 694). Causation must be specific to the violation alleged, meaning that merely proving an unconstitutional policy, practice, or custom will not in and of itself establish liability, unless the specific injury alleged relates to the specific unconstitutional policy proved. *Board of County Comm'rs of Bryan Cty, Oklahoma v. Brown*, 520 U.S. 397, 404 (1997). Once each of these elements are met, a plaintiff must also prove that the unconstitutional policy that caused him injury was the result of something more than mere negligence on behalf of the municipality, and was instead the result of "deliberate indifference," which is a state of mind that requires a heightened level of culpability, even more so than mere "indifference." *Id*. at 411. Proof of a single incident is insufficient to establish a widespread custom or policy. *Tuttle*, 471 U.S. at 821.

To plead a proper *Monell* claim against LVMPD, Wallace must (1) identify the challenged policy or custom; (2) explain how the policy or custom is deficient; (3) explain how the policy or custom caused the plaintiff harm; and (4) demonstrate how the policy or custom amounted to deliberate indifference by showing how the deficiency involved was obvious and the constitutional injury was likely to occur. *Harvey v. Cty of South Lake Tahoe*, 2012 WL 1232420 (E.D. Cal. April 12, 2012). Post-*Iqbal*, a plaintiff cannot solely rely on conclusory factual allegations. Instead, a plaintiff must allege facts which, if true, show the defendant actually had a constitutionally impermissible policy, practice, or custom. *Waggy v. Spokane County Washington*, 594 F.3d 707, 713 (9th Cir. 2010). An actionable

MAC:14687-464 5214398_2

1  policy or custom is demonstrated by (1) an "express policy that, when enforced, causes a
2  constitutional deprivation"; (2) a "widespread practice that, although not authorized by
3  written law or express municipal policy, is so permanent and well settled to constitute a
4  'custom or usage' with the force of law"; or (3) a constitutional injury caused by a person
5  with "final policymaking authority." *Baxter v. Vigo County School Corp.,* 26 F.3d 728, 735
6  (7th Cir. 1994); *Cty of St. Louis v. Prapotnik*, 485 U.S. 112, 123 and 127, (1988) (plurality
7  opinion).

8        LVMPD's motion points out that Wallace did not plead any facts suggesting a
9  constitutional violation or, more importantly, that LVMPD even has an unconstitutional
10 policy, custom, or practice that was the moving force behind any alleged violations.
11 Wallace's opposition to LVMPD's motion ignores LVMPD's arguments and, via silence,
12 concedes that he has no facts supporting his *Monell* claim. (*See* ECF No. 15.)

13       **Wallace's federal law claims against the individual officers.** Wallace's federal
14 law claims against the defendant officers can be grouped into the false arrest-based claims
15 and excessive force-based claims. The false arrest-based claims include his false arrest claim
16 (first cause of action), equal protection claim (second cause of action), First Amendment
17 retaliation (third cause of action), and § 1981 discrimination (fifth cause of action). As set
18 forth in the officers' motion all of these claims require that Wallace provide facts suggesting
19 that his arrest lacked probable cause.

20       A claim for false arrest is cognizable pursuant to § 1983 as a violation of the Fourth
21 Amendment when the arrest was without probable cause or other justification. *Dubner v.*
22 *City and Cnty. of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001). To determine whether
23 an officer has probable cause at the time of an arrest, a court considers "whether at that
24 moment the facts and circumstances within [the officers'] knowledge . . . were sufficient to
25 warrant a prudent man in believing that the petitioner had committed or was committing an
26 offense." *Edgerly v. City and Cnty. of San Francisco*, 599 F.3d 946, 953-54 (9th Cir. 2010)
27 (citing *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). Probable cause requires "only a probability or
28 substantial chance of criminal activity, not an actual showing of such activity" and "is not a

high bar." *District of Columbia v. Wesby*, 583 U.S. 48, 57 (2018). In Nevada, probable cause can be based on "slight evidence." *Sheriff, Clark Cnty. v. Badillo*, 600 P.2d 221, 222 (Nev. 1979) (finding probable cause existed even though witness's identification was "in direct conflict with that of another witness"). Because the probable cause standard is objective, probable cause supports an arrest so long as the arresting officers had probable cause to arrest for any criminal offense, regardless of their stated reason for the arrest. *Devenpeck v. Alford*, 543 U.S. 146, 153-55 (2004). As set forth in the Defendant Officers' motion, the officers had probable cause to arrest Wallace for attempted trespass under NRS 207.200(1) or obstruction under NRS 197.190. [Further, as established by Wallace's video, the officers learned he had a warrant out for his arrest in a different jurisdiction]. Thus, it is certain the Court will dismiss Wallace's false-arrest based claims.

The excessive force-based claims include Wallace's first, sixth, and seventh causes of action. Prior to Wallace submitting and requesting the Court take judicial notice of his own videos, the excessive force-based claims were a close call. Wallace claims the officers drew and pointed their firearms at him. The officers acknowledge that the drawing of a weapon may be unreasonable if the "police officer [] terrorizes a civilian by brandishing a cocked gun in front of that civilian's face" while investigating a minor crime against a citizen. *Robinson v. Solano Cty.*, 278 F.3d 1007, 1123 (9th Cir. 2002); *see also Thompson v. Rahr*, 885 F.3d 582, 586 (9th Cir. 2018) ("pointing guns at persons who are compliant and present no danger" is unreasonable). Wallace's video defeats this claim as it clearly shows one officer pulled his weapon for a few seconds as he approached Wallace; however, he never pointed the firearm and holstered it immediately when Wallace finally complied with orders. Thus, with the assistance of Wallace's own videos, the excessive force-based claims will fail.

Finally, Wallace's § 1981 claim is untenable as a matter of law. *Yoshikawa v. Seguirant*, 74 F.4th 1042, 1047 (9th Cir. 2023) (en banc).

**Wallace's state law claims.** For the same reasons that Wallace's federal law claims fail, his state law claims also fail. In addition, the defendant officers have discretionary

MAC:14687-464 5214398_2

immunity from his false arrest-based claims as the actions constitute discretionary functions. *See Gonzalez v. Las Vegas Metro Police Dep't.*, 61120, 2013 WL 7158415, at *3 (2013); *Ortega v. Reyna*, 953 P.2d 18, 23 (Nev. 1998) (concluding that no civil liability attached to a state trooper's decision to arrest a driver for allegedly refusing to sign a traffic ticket because the decision to do so was a discretionary decision requiring personal deliberation and judgment and, thus, entitled to immunity under NRS 41.032(2)); *Coty v. Washoe Cty.*, 839 P.2d 97, 100 n.7 (Nev. 1992) ("the decision of whether to make an arrest is largely discretionary."). Wallace never opposed this argument in his opposition to LVMPD's motion to dismiss. (ECF No. 15.)

### D.  A STAY OF DISCOVERY IS APPROPRIATE WHEN THE ISSUE OF QUALIFIED IMMUNITY IS RAISED.

The defendant officers' motion raises the defense of qualified immunity on all federal law claims. The Supreme Court has made it abundantly clear that a district court should stay discovery until the threshold question of qualified immunity is settled. *See Crawford-EL v. Britton*, 523 U.S. 574, 598 (1998); *Anderson v. Creighton*, 483 U.S. 635, 646 n. 6 (1987); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). This is because "[q]ualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation'." *Saucier v. Katz*, 533 U.S. 194, 200 (2001) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). The privilege is "an immunity from suit rather than a mere defense to liability." *Mitchell*, 472 U.S. at 526. Qualified immunity is meant to protect public officials from the broad-ranging discovery that can be peculiarly disruptive of effective government. *Harlow*, 457 U.S. at 817. To minimize the costs incurred by an immune defendant, the Supreme Court has emphasized that a court must resolve qualified immunity questions at the earliest possible stage in litigation. *Saucier*, 533 U.S. at 200-01 (citing *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). Accordingly, where defendants have filed dispositive motions based on qualified immunity, a court should stay discovery until the threshold question is settled. *Crawford-EL*, 523 U.S. at 598 ("[i]f the defendant does plead qualified immunity, the court should resolve that threshold question before permitting discovery.") Courts routinely stay

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

discovery in cases where the issue of qualified immunity is raised early in the litigation. *See Downing v. Gentry*, 2018 WL 3822454, *2 (D. Nev. Aug. 10, 2018); *Suarez v. Beard*, 2016 WL 10674069 (N.D. Cal. Nov. 21, 2016); *Conner v. Cruse*, 2011 WL 1706543, *1-2 (N.D. Cal. May 5, 2011); *Furnace v. Evans*, 2009 WL 193755 (N.D. Cal. Jan. 23, 2009).

Here, there is good cause for a stay of discovery pending the resolution of the defendant officers' motion. The Complaint's admissions are sufficient to allow this Court to determine whether dismissal as a matter of law is appropriate at this early stage. In doing so, the Court will be complying with the Supreme Court's mandate that qualified immunity and these issues be resolved at the earliest stage in the litigation as possible. *See Morales*, 873 F.3d at 822.

### E. A STAY WILL IMPROVE THE "JUST, SPEEDY, AND INEXPENSIVE" RESOLUTION OF THIS MATTER.

Rule 1 of the Federal Rule of Civil Procedure states that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." FRCP 1. A "district court enjoys wide discretion in controlling the scope and extent of discovery, and it is not an abuse of that discretion to stay discovery until the question of a defendant's immunity can be resolved on summary judgment." *Wilson v. Akana*, 2017 WL 3709054, *6 (D. Or. Aug. 28, 2017) (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1989)). Staying discovery pending resolution of the LVMPD Defendants' motions will save significant time, money, and resources.

/ / /

/ / /

/ / /

## V. CONCLUSION

Because it is certain that LVMPD's motion and the defendant officers' motion will be granted in their entirety, the LVMPD Defendants request that this Court stay discovery pending their resolution.

Dated this 12th day of September, 2023.

MARQUIS AURBACH

By *s/Craig R. Anderson*
Craig R. Anderson, Esq.
Nevada Bar No. 6882
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorneys for LVMPD Defendants

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **DEFENDANTS LVMPD, OFC. TORRES, OFC. SHOEMAKER AND OFC. MCCORMICK'S MOTION TO STAY DISCOVERY** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 12th day of September, 2023.

☐ I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☒ I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Floyd Wallace
1613 Leopard Lane
College Station, TX 77840
*Pro Per*

*s/Sherri Mong*
an employee of Marquis Aurbach

MAC:14687-464 5214398_2