Floyd Wallace
1613 Leopard Ln.
College Station, TX 77840
(402) 347-0770
floydwallacecivilrights@gmail.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| FLOYD WALLACE | Case No.: |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY** |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al. | |
| Defendants. | |

**INTRODUCTION**

I, Plaintiff Floyd Wallace oppose Defendants' Motion to Stay Discovery ("Motion") at ECF No. 40. This motion is made and based on the attached Memorandum of Points and Authorities, the pleadings, and papers on file herein, and any oral argument allowed by counsel at the time of the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A. Circuit's test for motions to stay discovery.** Courts in this district have adopted a two-part test to determine whether to stay discovery pending resolution of a dispositive motion. See *Pacific Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351 (N.D. Cal. 2003). First, the pending motion must be potentially dispositive of the entire case, or

1

at least dispositive on the issue at which discovery is directed. *Pacific Lumber Co.*, 220 F.R.D. at 351. Second, the court must determine whether the pending dispositive motion can be decided absent discovery. *Id*. at 352. " If the court answers these two questions in the affirmative, a protective order may issue. However, if either prong of this test is not established, discovery proceeds." *Id*. "In applying this two-factor test, the court deciding the motion to stay must take a 'preliminary peek' at the merits of the pending dispositive motion to assess whether a stay is warranted." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011). See also *Pacific Lumber Co v. Natl. Union Fire Ins. Co*, 220 F.R.D. 349 (N.D.Cal.2003).

      **B. Court cannot assess the merits.** In this case, as Defendants' motions to dismiss are not fully briefed, the court cannot assess the merits of the motion.

      **C. Not all claims fail.** Despite the defendants' continuous misstatement of the facts in this case and continuous fanciful legal conclusions, the facts show and the defendants admit to: 1) Detaining me without any reasonable articulable suspicion **of a crime**; 2) using excessive force by pointing a gun at me (ECF No. 33, 4:1-2), 3) never asking me for my identity (they never assert that they asked, only that I refused, which I did not and could not have done if they never asked), 4) arresting me without probable cause, for filming through a fence from the public (ECF No. 33, 3:11-19), while I was exercising my first amendment rights (ECF No. 33, 4:13-15) to record police interactions, which is a clearly established right. *Fordyce v. City of Seattle*, 55 F.3d 436 (9th Cir. 1995); and 5) Arresting me for a misdemeanor offense which they could have simply cited me for, and which their arrest policy says to not arrest for, only to not have any charges brought, resulting in my being arrested simply as a punishment for recording the police, chilling my civil rights. See also This Court's own decision. *ProCare Hospice of Nevada, LLC v. OneCare Hospice, LLC*, 340 F.R.D. 174, 179 (D.Nev.2021). Defendants' video submission of

Video #2 (ECF No. 33. Ex. A) at timestamp 00:51 (01:23:47 on watermark) show the officer's gun pointed directly at me. The video also clearly shows the officers asking me for my identification, not my identity. Identification is proof of one's identity according to every dictionary in the world, including the *Oxford Language Dictionary*. The video also shows me providing my identification under the threat of arrest, yet I was still arrested.

Moreover, even if some or all of my claims are deficient, the court will assess whether leave to amend should be granted, rendering Defendants' motions nondispositive. See, e.g., *Singh v. Google, Inc.*, No. 16-CV-03734-BLF, 2016 U.S. Dist. LEXIS 153689, 2016 WL 10807598, at *2 (N.D. Cal. Nov. 4, 2016) (denying motion to stay discovery pending resolution of motion to dismiss); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Res. Dev. Servs., Inc.*, No. C 10-01324 JF PVT, 2010 U.S. Dist. LEXIS 105100, 2010 WL 3746290, at *1 (N.D. Cal. Sept. 18, 2010) (same). See also This Court's own decision. *Rosas v. GEICO Cas. Co.*, 365 F. Supp. 3d 1123, 1128 (D.Nev.2019).

**D. Expense of discovery doesn't warrant a stay.** Defendants argue that they don't want discovery to proceed because of expense. The fact that "discovery may involve some inconvenience and expense" doesn't automatically warrant a stay of discovery. *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The responding party is expected to carry the burden of responding to discovery requests. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978).

**E. I plagiarized this motion.** I plagiarized the majority of this motion.

**F. A motion to stay has no effect while it's pending.** *Wells Fargo Bank, Natl. Assn. v. Iny, D.Nev*. No. 2:13-cv-01561-MMD-NJK, 2014 U.S. Dist. LEXIS 62381, at *10 (May 6, 2014). As a result, discovery must go on, regardless of whether a party has moved for a stay. I

have emailed Defendants' counsel asking when we can schedule a conference. They have not responded.

**CONCLUSION**

Accordingly, Plaintiff respectfully requests this Court, in the interest of not delaying this case and preventing the defendants from withholding evidence:

1. Deny Defendants' Motion to stay discovery.

DATED: September 12, 2023                    Respectfully submitted,

*/s/ Floyd Wallace*
Floyd Wallace
1613 Leopard Ln.
College Station, TX 77840
floydwallacecivilrights@gmail.com
(402) 347-0770
*Pro Se*