**Marquis Aurbach**
Craig R. Anderson, Esq.
Nevada Bar No. 6882
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
canderson@maclaw.com
Attorneys for Defendants LVMPD, Ofc. Torres, Ofc. Shoemaker and Ofc. McCormick

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FLOYD WALLACE, <br><br> Plaintiff, <br><br> vs. <br><br> LAS VEGAS METROPOLITAN POLICE DEPARTMENT; STATE OF NEVADA; CHRISTIAN TORRES; JASON SHOEMAKER; CORY MCCORMICK and DOES 1 to 50, inclusive, <br><br> Defendants. | Case Number: <br> 2:23-cv-00809-APG-NJK <br><br> **DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STAY DISCOVERY (ECF NO. 41)** |

Defendants Las Vegas Metropolitan Police Department, Christopher[1] Torres, Jason Shoemaker and Cory McCormick ("LVMPD Defendants"), by and through their attorney of record, Marquis Aurbach, hereby file their Reply to Plaintiff's Opposition to Motion to Stay Discovery. (ECF No. 41) This Reply is made and based upon the Memorandum of Points & Authorities, the pleadings and papers on file herein and any oral argument allowed at the time of hearing.

**MEMORANDUM OF POINTS & AUTHORITIES**

**I.     INTRODUCTION**

On September 12, 2023, Defendants filed their Motion to Stay Discovery. (ECF No. 40) Plaintiff, Floyd Wallace ("Wallace"), opposed the Motion the same day. (ECF No. 41) Defendants now reply.

---

[1] The caption incorrectly identifies Officer Torres as "Christian".

## II. LEGAL ARGUMENT

"Courts in this District have formulated three requirements in determining whether to stay discovery pending resolution of a potentially dispositive motion; motions to stay may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief." *See Kor v. Media Group, LLC*, 294 F.R.D. 579, 581 (D. Nev. 2013). Wallace's Opposition confirms that all three factors weigh in the Defendants' favor.

### A. POTENTIALLY DISPOSITIVE.

Both Defendants' motions to dismiss request dismissal of all claims. Wallace does not contest this fact.

### B. ADDITIONAL DISCOVERY IS NOT NECESSARY.

Wallace's Complaint contains sufficient facts for the Court to conclude all of Wallace's claims fail as a matter of law. In addition, Wallace videotaped the entire encounter. He has submitted his videos to the Court and requested the Court take judicial notice of them. Therefore, no genuine issues of material fact exist as to what occurred, and no additional discovery is necessary to resolve the legal issues in Defendants' motions. Wallace does not contest this fact.

### C. PRELIMINARY PEAK.

The final requirement is for this Court to conduct a preliminary peek of the merits of the motions to dismiss to determine the likelihood that the claims will be dismissed. *See Kor*, 249 F.R.D. at 582-83. Wallace argues the "defendants admit" that they (1) detained him without reasonable suspicion; (2) used excessive force; (3) arrested him without probable cause for exercising his First Amendment rights; and (4) performed a custodial arrest when they could have just cited him. (ECF No. 41 at 2: 11-21) The Defendants do not admit any of these facts, and each argument is easily defeated.

1 **Lack of reasonable suspicion.** Wallace's Complaint and video confirm that he traveled to an LVMPD substation, put on a mask, and then began to act suspiciously by approaching secured areas and filming. This admitted behavior certainly justified the officers' decision to detain Wallace. In fact, Wallace did the same thing at a Texas police station, and the Fifth Circuit found his claims untenable as a matter of law. *See Wallace v. Taylor*, 2023 WL 2964418, *3-4 (5th Cir. 2023) (reasonable suspicion existed to detain and probable cause existed to arrest Wallace when he was filming outside a Texas police station and avoiding the police).

**Excessive force.** Wallce claims his excessive force claim will survive dismissal because his video shows an officer pointed a gun at him. (ECF No. 41 at 2:13-14) This fact is insufficient to state an excessive force claim.

The video shows an officer approaching Wallace when he was on the sidewalk. It is undisputed that Wallace was masked, acting suspicious, ignoring the officers' commands to stop, and he had not been searched. The officer, who is several feet away from Wallace, has his firearm out until Wallace stops and complies. The video shows the officer never pointed the gun at Wallace's head, and he holstered the weapon the moment Wallace complied. According to the Ninth Circuit, the drawing of a weapon becomes unreasonable when a "police officer [] terrorizes a civilian by brandishing a cocked gun in front of that civilian's face" while investigating a minor crime against a citizen. *Robinson v. Solano Cty.*, 278 F.3d 1007, 1123 (9th Cir. 2002). The video confirms that the firearm was never pointed at Wallace's face and that the officer never "terrorized" Wallace. No reasonable jury could review the video and find that the officer's decision to temporarily draw his firearm until Wallace complied was unreasonable. Also, Wallace does not argue any clearly established law prohibited the officer's use of the firearm under similar circumstances. Therefore, at a minimum, the officer is entitled to qualified immunity.

**Lack of probable cause to arrest.** Wallace argues the officers lacked probable cause to arrest him because they arrested him for exercising his First Amendment rights. (ECF No. 41 at 2:16-18).

Wallace was not arrested for exercising his First Amendment rights. He was arrested for attempted trespass, and probable cause existed for his arrest. Probable cause requires "only a probability or substantial chance of criminal activity, not an actual showing of such activity" and "is not a high bar." *District of Columbia v. Wesby*, 583 U.S. 48, 57 (2018). In Nevada, probable cause can be based on "slight evidence." *Sheriff, Clark Cnty. v. Badillo*, 600 P.2d 221, 222 (Nev. 1979). The officers arrested Wallace for "attempted trespass." Nev. Rev. Stat. § 207.200(1) makes it a misdemeanor for "any person, under circumstances not amounting to a burglary . . . [to go] upon the land or into any building of another *with intent to vex or annoy* the owner or occupant thereof, or to commit any unlawful act." (Emphasis added.) Here, Wallace's video confirms he went onto the LVMPD property to vex and annoy its occupants and to provoke a police encounter. Undeniably, probable cause existed.

Also, the video (and Complaint) establish that Wallace refused to identify himself for over three minutes after being asked to do so. Under Nev. Rev. Stat. § 197.190, it is obstruction under Nevada law to "impede" and/or prolong an investigation. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1146-47 (9th Cir. 2012). Nevada district courts have held that an individual is obstructing when the individual is "given several opportunities to comply with Defendants' orders" but fails to do so. *Kelly v. Las Vegas Metro. Police Dep't.*, 2014 WL 3725927, *6 (D. Nev. July 25, 2014). Wallace admits (and his video establishes) that he impeded the officers' investigation by failing to identify himself for over three minutes after being asked to do so. *See Hibbel v. Sixth Judicial Dist. Court of Nev.*, 542 U.S. 177, 187-88 (2004) (principles of *Terry* permit requiring a suspect to disclose his name during a *Terry* stop). Therefore, at a minimum, probable cause also existed to arrest Wallace for obstruction. The fact the officers did not arrest Wallace for obstruction is irrelevant. *See Devenpeck v. Alford*, 543 U.S. 146, 153-55 (2004) (Because the probable cause standard is objective, probable cause supports an arrest so long as the arresting officers had probable cause to arrest for any criminal offense, regardless of their stated reason for the arrest). Finally, the officers learned Wallace had a warrant from another jurisdiction and could have arrested him on that basis. Thus, the officers had ample probable cause to arrest Wallace.

**Custodial arrest v. citation.** Wallace argues an issue exists because the officers performed a custodial arrest when they could have just cited him for a misdemeanor. This argument is irrelevant. The Supreme Court has stated that "[if] an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001). Therefore, as a matter of law, the officers did not violate Wallace's constitutional rights by performing a custodial arrest for a minor offense.

### III. CONCLUSION

Based on the above, the Defendants request that the Court grant a stay of discovery until the Defendants' motions to dismiss are resolved.

Dated this 19th day of September, 2023.

MARQUIS AURBACH

By *s/Craig R. Anderson*
Craig R. Anderson, Esq.
Nevada Bar No. 6882
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorneys for LVMPD Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **DEFENDANTS LVMPD, OFC. TORRES, OFC. SHOEMAKER AND OFC. MCCORMICK'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STAY DISCOVERY (ECF NO. 41)** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 19th day of September, 2023.

☐ I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☒ I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Floyd Wallace
1613 Leopard Lane
College Station, TX 77840
*Pro Per*

*s/Sherri Mong*
an employee of Marquis Aurbach

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816