Floyd Wallace
1613 Leopard Ln.
College Station, TX 77840
(402) 347-0770
floydwallacecivilrights@gmail.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| FLOYD WALLACE, | Case No.: 2:23-cv-00809 |
| Plaintiff, | **MOTION TO STRIKE DEFENDANTS' REPLY TO THEIR MOTION TO STAY DISCOVERY OR IN THE ALTERNATIVE FOR LEAVE TO FILE A *SUR REPLY* IN OPPOSITION OF DEFENDNTS' MOTION TO STAY DISCOVERY;** |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al. | |
| Defendants. | |

**INTRODUCTION**

I, Plaintiff Floyd Wallace, move this honorable court to strike the defendants' reply ("Reply") (ECF No. 42) to their motion ("Motion") to stay discovery (ECF No. 40) or in the alternative for leave to file a *sur reply* in opposition to defendants' reply, pursuant to LR 7-2(b). This motion is made and based on the attached Memorandum of Points and Authorities, the pleadings, and papers on file herein, and any oral argument allowed by counsel at the time of the hearing. The *sur reply*, if granted, will be no more than eight (8) pages and cover only issues newly raised in defendants' reply.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A. Improper to raise new facts and different legal arguments in reply papers.** See Local rule LCR 12-1(a)(3), which states "A reply brief may be filed and served within seven

1

days from the date of service of the response. The reply brief must only address arguments made in the response." See also: *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894–95 (1990); *Goldstein v. Turnberry Pavilion Partners Ltd. P'ship, D.Nev*. No. 02:07-CV-00387-LRH-PAL, 2008 U.S. Dist. LEXIS 180, at *6 (Jan. 2, 2008), fn. 2; *United States ex rel. Giles v. Sardie*, 191 F.Supp.2d 1117, 1127 (C.D.Cal.2000). Here, everything raised in Defendants' Reply are unrelated to my opposition to their motion. In my opposition I only raised that this Court can't access the merits because Defendants' motions for dismissal are not fully briefed, not all claims fail, and leave will be granted where a claim fails due to pleading failures. Further, expense does not warrant a stay of discovery.

Instead of addressing arguments in my response, Defendants instead raise that there are potentially dispositive motions of all claims, additional discovery is not necessary, a lack of reasonable suspicion, excessive force, lack of probable cause to arrest, and custodial arrest versus citation. Finally, as per their usual behavior, they misstate the law and facts. Local Rule LR IA 10-1(d) allows this Court to strike the defendants' paper since it was filed in violation of local rules and the Federal Rules of Civil Procedure.

**A. Potentially dispositive.** Defendants argue that "Both Defendants' motions to dismiss request dismissal of all claims. Wallace does not contest this fact." Reply, 2:11-12. Defendants misstate the facts. I have not yet responded to the "Second" Defendants' motion to dismiss, and so they don't know whether I contest it or not.

**B. Additional discovery is necessary.** Defendants argue that "no genuine issues of material fact exist". Reply, 2:17. This is impossible when I allege that a gun was pointed at my head, and defendants argue otherwise. This is impossible when I allege that I did not attempt to trespass, and defendants argue that I did. This is impossible when I allege that I was arrested

simply for exercising my first amendment rights, and the defendants argue otherwise. Since the district attorney found that there was no probable cause to charge me for any crime, it is very likely that there is evidence relevant to this case in the possession of defendants. By continuing to claim that this Court can simply rely on my video of the arrest, this Court should infer the existence of additional evidence in defendants' possession that they don't want shared because it will further show not only their tortious and criminal behavior, but also a policy and practice of said behavior. Defendants first tried to say that the video showed that the gun was never pointed at me. After I referred to a point in the video when it was clearly pointed at me, defendants now argue that the gun was never pointed at my head. It is already clear to me that the gun was pointed at my head, and my expert and the jury will also believe that it was pointed at my head. The defendants have other vantage points of the incident on video and could have the best evidence. Defendants also have video footage in front of the substation that could be the best evidence. I have had no chance to depose witnesses.

      Discovery is a valuable right and should not be unnecessarily restricted. *Dart Industries Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir.1980). Although defendants might want to restrict discovery, they have not shown that complete restriction is necessary and have cited no authority to justify it.

      **C. Lack of reasonable suspicion.** Defendants state in their Reply at 3:1-5:

> Wallace's Complaint and video confirm that he traveled to an LVMPD substation, put on a mask, and then began to act suspiciously by approaching secured areas and filming. This admitted behavior certainly justified the officers' decision to detain Wallace. In fact, Wallace did the same thing at a Texas police station, and the Fifth Circuit found his claims untenable as a matter of law. See Wallace v. Taylor, 2023 WL 2964418, *3-4 (5th Cir. 2023) (reasonable suspicion existed to detain and probable cause existed to arrest Wallace when he was filming outside a Texas police station and avoiding the police).

This is false and not supported by the record. Neither the video or my complaint show a mask or the donning of a mask after I arrived at the substation. The video further shows that I was wearing a mask to avoid being infected by Covid. Neither the video nor my complaint show that I was acting suspiciously other than by exercising my first amendment rights while being black, which is not the suspicion of a **crime**. The reason why one can approach a secured area is because the area around the secured area is not secure. This is also true for prohibited areas. This circuit has established that one has a clear right to record police activity from a public area and that a state statute cannot be enforced in such a way as to violate that right. *Fordyce v. City of Seattle*, 55 F.3d 436, 439 (9th Cir.1995).

The defendants misstate the summary of the *Wallace v. Taylor*, 2023 WL 2964418 case. That case found there was probable cause to arrest someone under Texas's version of evading arrest statute, if one walks away from an officer after the officer has said to "Come here". The arrest was not related to filming the police, nor did the court weigh whether the statute was being enforced when normally it wouldn't be against others, in retaliation of the exercise of civil rights. That is not what happened in this case. Texas's evading arrest statute is irrelevant to the instant case.

**D. Excessive force.** Although the defendants originally said that the gun was never pointed at me, I pointed out a place in the video where it was clearly pointed at my head. Now the defendants finally admit that the gun was pointed at me. Reply, 3:15-16. Defendants now argue that the gun was not pointed at my head, and so it clearly doesn't match the fact pattern of *Robinson v. Solano Cty.*, 278 F.3d 1007, 1123 (9th Cir. 2002). I still believe that it was pointed at my head at least once and the video shows that. I do admit that my complaint only shows that the gun was pointed at me in a threatening manner, and I have asked for leave to amend where that

makes a difference. However, even if this Court decides that the fact pattern doesn't match with *Robinson*, defendants are the ones relying on that case. Defendants say that if the facts don't match that specific case, then it can't be excessive force. However, it's clearly established that merely pointing a gun at a person is excessive force, which defendants don't cite. *Espinosa v. City & Cnty. of S.F.*, 598 F.3d 528, 537 (9th Cir. 2010); *Tekle v. United States*, 511 F.3d 839, 845-46 (9th Cir. 2007); *Robinson v. Solano Cnty.*, 278 F.3d 1007, 1015 (9th Cir. 2002).

**E. No probable cause.** Defendants argue:

> The officers arrested Wallace for "attempted trespass." Nev. Rev. Stat. § 207.200(1) makes it a misdemeanor for "any person, under circumstances not amounting to a burglary . . . [to go] upon the land or into any building of another with intent to vex or annoy the owner or occupant thereof, or to commit any unlawful act." (Emphasis added.) Here, Wallace's video confirms he went onto the LVMPD property to vex and annoy its occupants and to provoke a police encounter. Undeniably, probable cause existed.

I deny that probable cause existed. Here, defendants admit that the exercise of my civil rights was vexing and annoying to them. They further argue that I had the intent to do it and to provoke a police encounter. I can't make a police officer violate my civil rights. It was only my intent to test my civil rights, and the defendants failed that test. Defendants must prove intent in front of a jury. It's clearly established that the First Amendment protects criticism of police officers which may be annoying or inconvenient. *City of Houston v. Hill*, 482 U.S. 451, 461 (1987) (Also states that a police officer should be immune to annoyance even by fighting words); *Terminiello v. Chicago*, 337 U.S. 1, 4-5, 69 S.Ct. 894, 93 L.Ed. 1131 (1949). Defendants now argue that they enforced this section of the statute even though they knew that it shouldn't be interpreted to chill my civil rights.

I further argued in my complaint that even if the police had probable cause, the law was enforced in retaliation for my exercising my rights where it wouldn't normally be enforced.

5

*Nieves v. Bartlett*, 139 S.Ct. 1715, 1727, 204 L.Ed.2d 1 (2019). Additionally, the individual defendants have not alleged that they were the owner or occupant of the property. LVMPD as a political subdivision can't be annoyed or vexed, especially by its people exercising their first amendment rights. The facts show that the property is owned and occupied by We The People, of which I am a member.

 Further, defendants cite subsection "a" of Nev. Rev. Stat. § 207.200(1) which is not the penal code that was on my citation, nor is it what defendants have argued in their past pleadings giving them probable cause. They have been arguing Nev. Rev. Stat. § 207.200(1)(b), that I had attempted to enter a prohibited area that was clearly posted. Although a person can be charged with additional crimes than they were originally arrested for, the officer can't go back in time and find probable cause where it didn't exist. Probable cause is based on the knowledge of the police officer at the time of the arrest. *United States v. Rodgers*, 656 F.3d 1023, 1028-1029 (9th Cir.2011). Defendants do not allege that the owner or occupant of the building was vexed, and evidence supporting that allegation does not appear in my complaint or on the video.

 Further, developing probable cause for an attempted crime is harder than for evidence of an actual crime that has occurred. Defendants would have needed evidence tending to show that I had formed a specific intent to go past the gate, but that my attempt to do so was ineffectual. I had been standing still for a while when the gate started closing and had no intent to pass into the restricted area. Defendants have alleged no intent or offered any evidence of it. I would have had to have been moving so fast in the direction of the prohibited area and close enough to the prohibited area that only due to my running into the gate, or tripping, or an officer tackling me prevented me from doing so, to have probable cause for attempted trespass. *Crawford v. State*, 107 Nev. 345, 351, 811 P.2d 67 (1991). None of that happened. Further, intent is a fact-based

determination for a jury.

The police told me that I was being detained for "reasonable suspicion", which does not articulate reasonable suspicion of a crime. I was later told that I was detained for the suspicion of auto burglary, even though I was on foot, and no longer on the property. No reasonable officer would have believed that an investigation needed to happen into whether I had burgled a vehicle.

Defendants further claim that they had probable cause to arrest me for failing to identify. Reply, 4:18-23. Defendants specifically say that this is a violation of Nev. Rev. Stat. § 197.190, Nevada's "obstruction" statute.

> Every person who, after due notice, shall refuse or neglect to make or furnish any statement, report or information lawfully required of the person by any public officer, or who, in such statement, report or information shall make any willfully untrue, misleading or exaggerated statement, or who shall willfully hinder, delay or obstruct any public officer in the discharge of official powers or duties, shall, where no other provision of law applies, be guilty of a misdemeanor.

This is another statute that requires willful conduct. I have not alleged that I intended to delay an investigation in my complaint. This Court cannot determine from the video whether I acted willfully or whether a reasonable officer could have determined that I was acting willfully. It is a determination for the jury. Here, defendants don't point to a specific part of the statute. There have been no allegations that there was any statement, report, or information that I was lawfully required to provide. The Supreme Court of Nevada has determined that "due notice" means five days. *Wilde v. Wilde*, 2 Nev. 306, 306-307 (1866), but the plain language certainly means that notice including a due date shall be provided. In the instant case, the officers agreed not to arrest me if I provided my driver license under the threat of arrest, which was done, so the due date was met. There are no allegations that I made untrue or misleading statements or that I willfully hindered the officers. It's been clearly established by the U.S. Supreme Court that an

obstruction statute is unenforceable if it doesn't require a physical act. Not assisting in the officer's investigation is not a physical act. *Houston v. Hill*, 482 U.S. 451, 462, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987), fn. 11.

Defendants further state:

> Wallace admits (and his video establishes) that he impeded the officers' investigation by failing to identify himself for over three minutes after being asked to do so. See *Hibbel v. Sixth Judicial Dist. Court of Nev.*, 542 U.S. 177, 187-88 (2004) (principles of *Terry* permit requiring a suspect to disclose his name during a *Terry* stop). Therefore, at a minimum, probable cause also existed to arrest Wallace for obstruction. The fact the officers did not arrest Wallace for obstruction is irrelevant. See *Devenpeck v. Alford*, 543 U.S. 146, 153-55 (2004) (Because the probable cause standard is objective, probable cause supports an arrest so long as the arresting officers had probable cause to arrest for any criminal offense, regardless of their stated reason for the arrest).

*Terry* does not require a suspect to disclose his name. In fact it says that a person detained is not required to answer any questions. The issue raised in *Hibbel* (sic) is actually Nev. Rev. Stat. § 171.123(3), not 197.190. *Hibbel* at 180 makes it clear that probable cause to arrest someone for failure to identify requires that the identification must be related to the circumstances justifying the stop. Where establishing my identity would establish or negate my connection with the original crime, which clearly does not apply in the instant case. The failure to identify statute can't be used to obtain an arrest where the initial stop failed to yield sufficient evidence. This makes Defendants' reference to *Devenpeck* clearly an incorrect interpretation of the law. The fact that the officers continue to use this statute to try to support arresting people where their probable cause otherwise fails shows a clear pattern and practice of violating people's civil rights, and in a way that is clearly established by *Hiibel v. Sixth Judicial Dist. Court*, 542 U.S. 177.

Defendants further claim that there was a warrant for my arrest, but there is no evidence that a warrant exists or what it was for, and the video shows that even if there was a warrant, the

police did not have the jurisdiction to arrest me for it. The police could have possibly detained me for it. It's like the defendants and their counsel don't know how out of state warrants work.

**F. Custodial arrest v. citation.** Defendants argue that *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) allows them to arrest me for even a very minor criminal offense in their presence without violating my rights. Defendants fail to defend my complaints under state law, as well as my complaints related to retaliatory arrest. Since Nevada state law does not authorize a misdemeanor arrest, and the LVMPD's policies don't allow it, my arrest then, where not normally done, was clearly done for retaliatory reasons, even if probable cause did exist (here it did **not** exist).

**G. This court may allow leave to file a *sur reply*.** Courts in this district have allowed sur-replies "to address new matters raised in a reply to which a party would otherwise be unable to respond." Kanvick v. City of Reno, No. 3:06-CV-00058-RAM, 2008 U.S. Dist. LEXIS 24719, at *1 n.1 (D. Nev. Mar. 27, 2008). Defendants have raised several new issues in its reply which I cover below.

### CONCLUSION

Accordingly, Plaintiff respectfully requests this Court to strike Defendants' reply to their motion to stay discovery or alternatively grant me leave to file a sur reply.

DATED: September 21, 2023          Respectfully submitted,

*/s/ Floyd Wallace*
Floyd Wallace
1613 Leopard Ln.
College Station, TX 77840
floydwallacecivilrights@gmail.com
(402) 347-0770
*Pro Se*