UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FLOYD WALLACE,<br><br>    Plaintiff(s),<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>    Defendant(s). | Case No. 2:23-cv-00809-APG-NJK<br><br>**Order**<br><br>[Docket No. 44] |

Pending before the Court is Plaintiff's motion for clarification or, alternatively, objection to the assigned district judge. Docket No. 44. The Court does not require a response or a hearing. *See* Local Rule 78-1.

It is not proper for a party to file a motion requesting clarification from a magistrate judge and objecting to the district judge. *See* Local Rule IC 2-2(b); *see also Reno v. W. Cab Co.*, 2020 WL 2462900, at *2 (D. Nev. May 1, 2020). The Court herein addresses only the motion for clarification. If Plaintiff seeks district judge review of either this order or the prior order at issue (Docket No. 36), he may do so by filing an objection within 14 days of the issuance of this order.[1]

With respect to the motion for clarification, the Court previously ordered that: "If a motion to stay discovery is filed by [September 12, 2023], discovery will be stayed on an interim basis pending resolution of that request." Docket No. 36 at 1. There is no ambiguity requiring clarification: discovery is currently stayed on an interim basis until the Court resolves the motion to stay discovery.

Nor has the Court been persuaded to change course in light of Plaintiff's current arguments. In deciding whether to stay discovery pending resolution of a motion to dismiss, magistrate judges conduct a preliminary peek of the papers on the underlying motion to dismiss. *Kor Media Grp.,*

---

[1] The Court is, in essence, extending the prior objection deadline *nunc pro tunc*.

1

*LLC v. Green*, 294 F.R.D 579, 581 (D. Nev. 2013).  In this case, however, briefing on the motions to dismiss is not yet complete.  *See, e.g.*, Docket No. 37 (Plaintiff's motion to extend time to respond to the second motion to dismiss).  In such a scenario, magistrate judges act within their broad discretion to stay discovery on an interim basis to enable review of the full motion to dismiss briefing in resolving the motion to stay discovery.  *See V5 Techs., LLC v. Switch, Ltd.*, 2017 U.S. Dist. Lexis 174971, at *2 (D. Nev. Oct. 23, 2017) (staying discovery on an interim basis so that motion to dismiss briefing could be completed prior to ruling on motion to stay discovery); *see also Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964) (a party is relieved of the need to appear for a deposition by the Court either granting a motion for protective order *or issuing an interim order postponing the deposition until the motion is decided*).[2]  In reviewing the record in this case, the Court likewise found that discovery should be stayed on an interim basis until it can render a formal decision on the motion to stay discovery.[3]

In short, the Court meant what it said when it decided that discovery would be stayed on an interim basis pending the resolution of Defendants' motion to stay discovery.  The motion for clarification is **GRANTED** in that the Court has provided the above explanation, but is otherwise **DENIED**.

IT IS SO ORDERED.

Dated: October 2, 2023

Nancy J. Koppe
United States Magistrate Judge

---

[2] Magistrate judges possess wide discretion in controlling the discovery process, *see, e.g.*, *Little v. Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), which they exercise in an effort to effectuate the goals of providing a just, speedy, and inexpensive determination of the case, Fed. R. Civ. P. 1.

[3] Plaintiff argues that filing of a motion to stay does not automatically act as a stay.  *See* Docket No. 44 at 2.  The Court is aware of that proposition.  *PlayUp, Inc. v. Mintas*, 635 F. Supp. 3d 1087, 1094 (D. Nev. 2022) (Koppe, J.) ("It is also axiomatic that the filing of a motion to stay does not impact the obligation to proceed; only an order granting such relief imposes a stay").  In this case, the Court *ordered* an interim stay of discovery, so Plaintiff's premise is misplaced.