**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

FLOYD WALLACE,

     Plaintiff

v.

LAS VEGAS METROPOLITAN POLICE, et al.,

     Defendants

Case No.: 2:23-cv-00809-APG-NJK

**Order**

[ECF Nos. 10, 11, 22, 27, 30, 31]

Plaintiff Floyd Wallace sues the Las Vegas Metropolitan Police Department (LVMPD) and three LVMPD officers for various claims arising out of an incident where the officers detained, searched, and arrested him. LVMPD moves to strike Wallace's complaint because it contends that it was ghostwritten by non-lawyer Jose DeCastro. ECF No. 11. LVMPD also seeks to preclude DeCastro, who is not a party in this case, from practicing law without a license. ECF No. 10. In response, Wallace moves for an extension of time to respond to the motion to strike and for sanctions under Federal Rule of Civil Procedure 11, contending that LVMPD had no basis for its motion to strike. ECF Nos. 22, 27. He also moves for an extension of time and for leave to file excess pages for his reply brief on his motion for sanctions. ECF Nos. 30, 31.

I deny LVMPD's motion to preclude DeCastro from practicing law without a license because DeCastro is not before me in this case and has not been served with the motion. I deny LVMPD's motion to strike because there is insufficient evidence that DeCastro wrote the complaint or other filings in this case to support that relief. I deny as moot Wallace's motion for an extension of time to respond to the motion to strike. I deny Wallace's motion for Rule 11

1  sanctions because there was a factual basis for LVMPD's motion to strike. I deny as moot

2  Wallace's motions to extend time and for leave to file excess pages.

3  **I.  MOTION TO PRECLUDE (ECF No. 10)**

4      LVMPD moves to preclude DeCastro from practicing law without a license based on

5  LVMPD's suspicion that DeCastro wrote Wallace's complaint in this case. However, DeCastro

6  is not before me in this case. He is not a party and LVMPD did not serve DeCastro with the

7  motion. He therefore has not had notice and an opportunity to be heard. *See Lasar v. Ford*

8  *Motor Co.*, 399 F.3d 1101, 1109-10 (9th Cir. 2005) (stating that procedural due process requires

9  a court provide notice and an opportunity to be heard before imposing a sanction). As a result, I

10  deny the motion.

11  **II.  MOTION TO STRIKE (ECF No. 11)**

12      LVMPD moves to strike the complaint based on its contention that the complaint was

13  ghostwritten by DeCastro. Although there are marked similarities between the complaint in this

14  case and the case DeCastro filed in this court (2:23-cv-00580-APG-EJY), that may be indicative

15  of copying rather than ghostwriting. The fact that DeCastro allegedly admits in various videos

16  that he is assisting Wallace in maintaining this lawsuit does not mean he is writing Wallace's

17  filings. Moreover, I have confirmed with the clerk's office that LVMPD is incorrect in its

18  assertion that Wallace is using DeCastro's electronic filing privileges. *See* ECF No. 28 at 2, 6.

19  Wallace is not electronically filing. Rather, he is emailing PDF documents to the clerk's office,

20  which is then filing his documents on the docket. Consequently, I deny LVMPD's motion to

21  strike. I deny as moot Wallace's motion to extend time to respond to this motion. ECF No. 27.

22  / / / /

23

1    However, I caution Wallace that he may not rely on a non-lawyer to ghostwrite his filings

2 in this case because it is illegal for a non-lawyer to engage in the unauthorized practice of law.

3 *See* Nev. Rev. Stat. § 7.285(1).  A person engages in the practice of law when he makes a

4 judgment regarding "the legal sufficiency of . . . instruments" in the "drafting of any instrument,

5 simple or complex." *Pioneer Title Ins. & Trust Co. v. State Bar of Nev.*, 326 P.2d 408, 411 (Nev.

6 1958); *see also In re Discipline of Lerner*, 197 P.3d 1067, 1078 (Nev. 2008) (en banc) (stating

7 that the practice of law "includes activities calling for the exercise of trained judgment in

8 applying the general body of legal knowledge to the specific problem of a client and

9 recommending a course of action").  Although I am denying LVMPD's motion at this juncture,

10 if I later determine that DeCastro[1] (or another non-lawyer) is ghostwriting Wallace's documents,

11 I may strike those documents in this case. *See Henry v. Rizzolo*, No. 2:08-cv-00635-PMP-GWF,

12 2009 WL 10692950, at *2 (D. Nev. Oct. 23, 2009).  Moreover, the person engaged in the

13 unauthorized practice of law may face criminal penalties. *See* Nev. Rev. Stat. § 7.285(2).

14 **III.  MOTION FOR RULE 11 SANCTIONS (ECF No. 22)**

15    Wallace moves for Rule 11 sanctions against LVMPD and its counsel for filing the

16 motion to strike the complaint.  Wallace contends that LVMPD had no factual basis for claiming

17 that DeCastro wrote Wallace's complaint.  LVMPD responds that it had a good faith basis for

18 the motion to strike because DeCastro admits in several videos that he is helping Wallace sue the

19 police, including a video taken when both DeCastro and Wallace showed up at a LVMPD

20 substation and demanded complaint forms related to Wallace's arrest that is at issue in this case.

21 LVMPD also contends that Wallace has been filing documents electronically even though he

22

23 ───────────────

[1] According to the State Bar of Nevada's website, DeCastro is not a licensed attorney in this
state.

3

does not have permission to do so, and it notes that DeCastro has electronic filing privileges in his lawsuit.[2] LVMPD believes that Wallace was incarcerated in Arkansas when the Rule 11 motion was filed, so someone else must have used their electronic credentials for him.  LVMPD also notes that DeCastro has engaged in the unauthorized practice of law in another jurisdiction.

Rule 11 requires that an attorney, or the party personally if the party is unrepresented, to sign pleadings, motions, and other papers to "certify[y] that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(a)-(b).  I may sanction a party and their counsel for violating Rule 11(b) after giving notice and a reasonable opportunity to respond. Fed. R. Civ. P. 11(c).

I deny Wallace's motion because LVMPD's motion had evidentiary support or likely would have support after a reasonable opportunity for further investigation or discovery.  The complaints in this case and DeCastro's lawsuit are nearly identical beyond the core facts of each incident. *Compare* ECF No. 1-1 *with* 2:23-cv-00580-APG-EJY, ECF No. 2.  DeCastro has stated that he would assist Wallace in suing LVMPD, including while standing next to Wallace at a police substation. ECF No. 29 (manually filed video exhibit).  And DeCastro has been found to have likely engaged in the unauthorized practice of law before. ECF No. 28 at 19.  LVMPD thus had a factual basis for filing the motion to strike, so I deny Wallace's Rule 11 motion.  I deny as moot Wallace's motions to extend time and for leave to file excess pages. ECF Nos. 30; 31.

/ / / /

---

[2] As stated above, LVMPD's assertion that Wallace is electronically filing his documents through someone else's credentials is incorrect.

**IV.  CONCLUSION**

I THEREFORE ORDER that defendant Las Vegas Metropolitan Police Department's motion to preclude **(ECF No. 10) is DENIED**.

I FURTHER ORDER that defendant Las Vegas Metropolitan Police Department's motion to strike **(ECF No. 11) is DENIED**.

I FURTHER ORDER that plaintiff Floyd Wallace's motion to extend time **(ECF No. 27) is DENIED as moot**.

I FURTHER ORDER that plaintiff Floyd Wallace's motion for Rule 11 sanctions **(ECF No. 22) is DENIED**.

I FURTHER ORDER that plaintiff Floyd Wallace's motions to extend time and for leave to file excess pages **(ECF Nos. 30, 31) are DENIED**.

DATED this 24th day of October, 2023.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE